JACOB KLEIN, Respondent, v. FELICITÉ ALLENBACH, Appellant.

Costs where Recovery less than Three Hundred Dollars.   The provision of section four hundred and seventy-eight of the Practice Act, that no costs shall be allowed when less than three hundred dollars is recovered, is obviously confined to cases in the District Courts, and was evidently adopted to prevent the bringing of actions in those Courts which should or might be instituted in Justices' Courts.

Jurisdiction of District Courts—Costs.   A suit for the recovery of money may be brought in a District Court by simply claiming three hundred dollars or upwards, although less may be actually due; but if less than three hundred dollars is recovered, the plaintiff is not entitled to costs.

Test of Jurisdiction.   The test of the jurisdiction of the District Courts in cases of money demands is the amount claimed in the complaint—the demand in controversy being the sum sought to be recovered by plaintiff, and not that for which he actually recovers judgment.

Jurisdiction of Supreme Court.   The language of the Constitution conferring jurisdiction upon the Supreme Court in cases of money demands, (Art. VI, ec. 4) is identical with that respecting the District Courts, (Art. VI, Sec. 6) and whenever the District Court has jurisdiction in the first instance, the Supreme Court has jurisdiction to review its action on appeal.

What Considered on Appeal from Judgment.   On appeal from a judgment, any error appearing in the judgment roll may be corrected in the appellate Court without a statement on appeal.

Error presented by Judgment Roll.   In a suit on a money demand, where the recovery was for a sum less than three hundred dollars and costs:   Held, that the error in the judgment for costs being apparent from the judgment roll itself, might be corrected on appeal from the judgment without a statement.

Appeal from the District Court of the Second Judicial District, Ormsby County.

This was an action to recover four hundred and fifty dollars, rent of certain premises known as the "Half-Way House," between Carson and Virginia City. The defendant admitted an indebtedness of two hundred dollars, and pleaded a tender of that amount, and a deposit of the same with the clerk, and offered to allow plaintiff to take judgment therefor. The Court having found an indebtedness of only two hundred dollars, and that the alléged tender was not valid, rendered judgment for two hundred dollars and costs, which, on account of attachment, keeper's fees, etc., amounted to three hundred and fifty-four dollars and fifty cents.

*Clayton & Davies*, for Appellant.

I.  So much of the judgment as awards costs to the plaintiff is erroneous, for the reason that he recovered less than three hundred dollars. (Practice Act, Sec. 475 ; 6 Cal. 286 ; 2 Carnes, 213 ; 3 Denio, 173 ; 2 Nev. 133 ; 23 Cal. 385 ; 2 Cal. 156.)

II.  The remedy by motion in the Court below is not exclusive. (20 Cal. 109 ; 2 Nev. 133 ; 1 Cal. 459 ; 7 Cal. 399.)

III.  This is an appeal from the judgment, and as the error is manifest upon the face of the record, it is the duty of this Cout to correct it. (4 Cal. 122 ; 34 Cal. 167 ; 31 Cal. 487 ; 12 Jal. 125 ; 4 Wend. 99 ; 5 Wend. 341 : 8 John. 111–358 ; 12 Jhn. 340 ; 13 John. 461 ; 14 John. 425.)

*T. D. Edwards* and *William Patterson*, for Respondent.

I.  The appeal must be dismissed. No appeal lies from costs. (Practice Act, Sec. 330 ; *Howard* v. *Richards*, 2 Nev. 128 ; *Lempey* v. *Guidon*, 13 Cal. 31 : *Votan* v. *Reese*, 20 Cal. 90 ; *Zariskie* v. *Torrey*, 20 Cal. 174 ; *Levy* v. *Gettleson*, 27 Cal. 68 ; *Larkey* v. *Davis*, 33 Cal. 678.)

II.  Motion to strike out or retax costs or errors in the iling of the Court, cannot be first made or excepted to in the applate Court. (5 Cal. 410, 417 ; 6 Cal. 99, 415 ; 16 Cal. 86, 555 ; *Howard* v. *Richards*, 2 Nev. 128 ; *Stoddard* v. *Treavell*, 29 Cal. 282.)

III. No statement or exceptions are required to be made except upon an appeal from the *whole* judgment. (Practice Act, Sec. 332.)

IV. There was no error in the District Court in allowing costs, as the action was for the sum of four hundred and fifty dollars. Costs must be allowed to the prevailing party. (*Stoddard* v. *Treadwell*, 29 Cal. 282.)

By the Court, LEWIS, C. J. :

The plaintiff brought his action, and prayed judgment for the sum of four hundred and fifty dollars, but recovered only the sum of two hundred dollars, which amount the defendant admitted by her answer to be due. The District Court rendered judgment for that sum with costs. The defendant claims that no costs should have been allowed, and upon that ground takes this appeal. .

It is declared by section four hundred and seventy-eight of the Practice Act, that " no costs shall be allowed in an action for the recovery of money or damages where the plaintiff recovers less than three hundred dollars, nor in an action to recover the possession of personal property, where the value of the property is less than three hundred dollars." This provision is obviously confined to cases in the District Courts, and was evidently adopted to prevent the bringing of actions in those Courts, which should or might be instituted in the Courts of the justices of the peace, which may be done by simply claiming the recovery of a sufficient amount to bring them within the jurisdiction of the upper Court, although less may be actually due. In such case, if less than that sum be recovered the conclusion is that less is due, and therefore that the plaintiff should have brought his action before a justice of the peace, where the costs are generally much less than in the Courts of record. The sum recovered by the plaintiff in this action being but two hundred dollars, he was not entitled to costs.

At the outset, however, we are met by the objection that this Court has no jurisdiction of the case, because the sum in controversy between the parties is not sufficiently large. The Constitution gives this Court, like the several District Courts of the State, jurisdiction in all cases " in which the demand (exclusive of in-

terest) or the value of property in controversy exceeds three hundred dollars." By the demand in controversy we understand the sum sought to be recovered by the plaintiff, and not that for which he actually receives judgment. The language of the Constitution conferring jurisdiction upon this Court in cases of money demands is identical with that respecting the District Courts; and it will hardly .be denied that the test of the jurisdiction of the District Court is the sum claimed iñ the complaint. Suppose three hundred and fifty dollars be the sum claimed in the complaint, and the defendant answer, admitting two hundred and ninety dollars, or any sum less than three hundred, to be due the plaintiff; can it be reasonably argued that the District Court would in such case be deprived of jurisdiction ? Certainly not: but if the District Court has jurisdiction in the first instance, this Court has jurisdiction to review its action upon appeal, for every reason in favor of the jurisdiction of the District Court to try, applies with equal force to the jurisdiction of this Court to review. In the case of *Solomon* v. *Reese*, 33 Cal. 28, the Supreme Court of California, upon constitutional language precisely like ours, had this identical question under consideration, and attained the conclusion that the *ad damnum* clause in the complaint is the test of the jurisdiction of the Court.

Again, it is argued, the question of the allowance of costs cannot be reviewed upon this appeal, and the case of *Howard* v. *Richards*, 2 Nev. 128, is referred to as authority. We do not see that that case has the remotest bearing on the question here made. In that the point was made that costs should not have been allowed, because the cost bill was not filed within the time prescribed by statute ; and we held that the question was not before the Court, the appeal being simply from the judgment, which brought up nothing but the judgment roll, and as the fact that the cost bill was not filed within the statutory time did not appear in the record so brought up, the Court refused to consider it. Here the judgment roll exhibits the fact that the plaintiff should have recovered no costs, because he obtained judgment for only two hundred dollars, and thus the error complained of is presented to the Court upon the record brought up. Upon an appeal from a judgment, any error appearing in the judgment roll may be corrected in the appellate Court without a statement on appeal.

No other point is made by counsel which requires consideration; we will therefore modify the judgment to the extent of striking out the costs.    So ordered.

JOHNSON, J., did not participate in the foregoing decision.