# THE COUNTY OF ORMSBY, Respondent, v. THE STATE OF NEVADA, Appellant.

Rent of Public Buildings Leased to State. Under the Act of 1869, providing for the payment of claims against the State "for services or advances," (Stats. 1869, 104): *Held*, that the rent of premises occupied by the State was embraced within the meaning of the word "advances."

Popular Meaning of "Advances." The word "advances," as employed in the Act of 1869, relating to claims for services or advances to the State, (Stats. 1869, 104) is there used rather in its popular than in its strict legal definition, and includes rents of buildings used by the State.

Statutory Construction—Popular as Opposed to Technical Meaning of Words. The rule that technical words used in a statute are to be taken in their technical sense, is subject to the qualification that it is only when used with reference to the particular subject as to which they have a special meaning, that they are to receive such meaning; but that if used generally, their popular meaning is the one intended.

Appeal from the District Court of the Second Judicial District, Ormsby County.

This was an action to recover five hundred dollars alleged to be due as a balance of rent for the year 1869, for the upper part of the " County Building " in Carson City, occupied by the State for public offices. It appears that the premises were leased by Ormsby County to the State in December, 1865, for one year, at a rent of two thousand five hundred dollars, " said rent being payable *pro rata* in equal monthly payments, at the beginning of each month," and they continued to be occupied in 1869. When the bill for the rent of that year was presented to the board of examiners, they allowed and approved it to the amount of two thousand dollars, and rejected it as to the sum sued for.

*R. S. Mesick*, for Appellant.

Authority to sue the State of Nevada is found nowhere, except in the Statute of 1869, and is conferred only in those cases where the claim is for services or advances. Rent is certainly not included in the term " services," and we think it not included in the term " advances." (Bouvier's Law Dictionary, title "Advances "; 10 Barb. 73.) If not included in that term, the District Court had no jurisdiction in this case, and the judgment must be reversed.

*A. C. Ellis*, for Respondent.

The term " advances " as used in the statute has a more liberal meaning than the one claimed by the appellant. If it should be restricted to its definition given by Bouvier—to its strict commercial meaning, (the prepayment of money by a factor or agent to his principal, on the credit of goods belonging to the principal, which are placed, or to be placed, in the possession of the factor or agent, in order to reimburse himself out of the proceeds of the sale of such goods)—then the statute is meaningless. The State does not engage in that character of business, and no appropriation is made for the payment of such *advances*, and such are not *authorized by law*.

The true interpretation of the statute may be arrived at by taking the definition of " advances " as given by Webster and Worcester— as a giving beforehand, a furnishing of something on contract, before an equivalent is received.

The use of a building being a legal something which may be paid for in money, precisely the same as wood or stationery, and a something which may be advanced precisely the same, is fairly within the statute. Besides, " advances " have not always been held to mean *money* in the sense referred to by Bouvier.  (4 Kent, 175.)

.By the Court, WHITMAN, J.:

This action was for the recovery of a balance claimed to be due for the rent of certain premises, the property of Ormsby County, occupied by the State of Nevada.

The authority for the suit is said by respondent to be found in the Act entitled " An Act to enable a certain class of claimants against the State to appeal to the Courts," which provides:

SEC. 1.  Any officer or person who has presented a claim against the State, for services or advances authorized by law, and for which an appropriation has been made, but of which the amount has not been fixed by law, to the Board of Examiners, which claim said Board or the State Controller has refused to audit ·and allow in whole or in part, may commence an action in any Court of Ormsby County having jurisdiction of the amount, for the recovery of such portion of the claim as shall have been rejected.  In such action the State of Nevada shall be named as defendant, and the summons shall be served upon the State Controller, and the action shall proceed as other civil actions to final judgment.  (Stats. 1869, 104.) To the complaint a general demurrer was interposed, and also a motion to dismiss for want of jurisdiction; both were overruled, and defendant declining to answer, judgment went as prayed.

The only point made upon demurrer or motion was, that respondent was not of the class specified in the statute, because rent could not be included in either of the terms used, *i. e.*, " services " or " advances."  It is conceded that it cannot come within the meaning of the former word, but respondent contended that it may, and does, clearly come within the meaning of the latter.  The special point of dispute is as to the proper meaning in the Act of the word " advances "; appellant seeking to confine its signification to the strict legal definition, and respondent claiming its more proper usage.

The rule of construction, as laid down by Mr. Sedgwick, is as follows : " When technical words occur in a statute, they are to be taken in a technical sense, unless it appears that they were intended to be applied differently from their ordinary or legal acceptation." (Sedgwick, Stat. and Const. Law, 261.)   So, Mr. Kent: " The words of a statute, if of common use, are to be taken in their natural, plain, obvious, and ordinary signification and import; and if technical words are used, they are to be taken in a technical sense, unless it clearly appears from the context, or other parts of the instrument, that the words were intended to be applied differently from their ordinary or their legal acceptation."   (1 Kent's Com., Sec. 462. See also *Clark* vs. *City of Utica*, 18 Barb. 451; *Mallan* vs. *May*, 13 M. and W. 511.)

It is possible that the statute in question, upon close investigation, might fall within the general rule as quoted; but that rule, although supported by the highest authority, is, as experience has proved, of dangerous application.   The cases where a Court should exercise the right given under it, should be of the clearest; as when a Court takes one step outside the literal wording of a statute, to declare what otherwise or otherwhere appears, there arises at once the possibility, if not the probability, of that assumption of power—judicial legislation—a thing to be most cautiously avoided under the true theory of our Government—National and State.

There is, though, always this distinction to be observed in settling the meaning of technical words, or words having a peculiar legal signification, when they occur in a statute.   Such words, when used with reference to the particular subject as to which they have a special meaning, should receive that and no other; but if used generally, the natural conclusion is, that the popular meaning is the one intended.   As for instance, a statute touching Courts and legal process is to be held to speak technically when using legal phrases ; so one relating to military matters and using words having a received military sense ; so in matters of art and science ; and so the present statute, had it treated of principal and agent, would necessarily have used the word " advances " in a legal sense ; but when it is remembered that in law, advances are only recognized as matters running between principals and agents, and when it is

seen that the statute is not treating of these, then it follows that this special and peculiar meaning is not to be adopted, but the ordinary popular meaning is to be taken not only as correct, but as the only one which could have been intended. Now, if under such signification the claim of respondent could be included, then it follows that its judgment should be sustained.

Popularly, almost numberless advances are spoken of by general good use. There are those hostile, friendly, social, amatory, business, pecuniary; and, now specially touching this case, Webster gives the definition: " A furnishing of money or goods for others, in expectation of reïmbursements ; or the property so furnished." So, Mr. Worcester gives as one meaning of the verb " to advance," " to furnish on credit." Within these definitions the claim of respondent clearly falls. It was advanced to the appellant upon a contract, and upon a credit, and with the expectation of reimbursement; a something of legal and commercial value; the use and occupation of certain premises. The right, then, to use and occupy, and the actual use and occupation, created the relation of landlord and tenant, and imposed upon the latter an obligation to pay the former the agreed rent ; or in absence of any express agreement, what the use and occupation enjoyed might be reasonably worth.

The judgment of the District Court is affirmed.