# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## APRIL TERM, 1879.

[No. 910.]

FREDERICK FREVERT, RESPONDENT, v. CHARLES HENRY, APPELLANT.

JUDGMENT MUST CORRESPOND WITH PLEADINGS.—A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered.

IDEM—JUDGMENT-ROLL.—An objection that the judgment is not authorized by the pleadings may be taken upon the judgment-roll alone.

PROMISSORY NOTE—PAYMENT OF BY SURETY—RIGHTS OF SURETY.—Where a surety pays a promissory note, and has the same assigned to him, and commences an action upon the note: *Held*, that ·he is entitled to maintain an action of ·implied assumpsit for the amount paid, but he can not sustain an action upon the note.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

*T. Coffin* and *Ellis & King*, for Appellant:

I. The objection that the judgment is not supported by the pleadings can be taken and heard upon the judgment-roll alone. (*Putnam* v. *Lamphier*, 36 Cal. 151, 158; *Jones* v. *Petaluma*, 36 Cal. 230; *Bachman* v. *Sepulveda*, 39 Cal. 688.)

II. The payment of a note by any one of the makers, extinguishes the note, and renders it *functus officio*: The

surety can not sue upon the contract expressed in the note to recover money of the principal which he has been compelled to pay. He can only recover upon the contract which the law implies from the circumstances. (*Gordon* v. *Wansey*, 21 Cal. 77; *Smith* v. *Johnson*, 23 Id. 64; 2 Pars. on N. & B. 237; *Bryant* v. *Smith*, 10 Cush. 169; *Pray* v. *Maine*, 7 Id. 253; *Long* v. *Bank of Cynthiana*, 1 Litt. (Ky.) 291; *Stevens* v. *West*, 1 How. (Miss.) 308; *Holliman* v. *Rogers*, 6 Tex. 91–7; *Odlin* v. *Greenleaf*, 3 N. H. 270; *Cochran* v. *Wheeler*, 7 Id. 202; *Blake* v. *Sewell*, 3 Mass. 556; *Boylston* v. *Green*, 8 Id. 465; *Hopkins* v. *Farwell*, 32 N. H. 425; *Batchelder* v. *Fiske*, 17 Mass. 467; *Lansing* v. *Gaine*, 2 Johns. 303; Story on Prom. Notes, secs. 180, 381, 384; *Burridge* v. *Manners*, 3 Comp. 194; *Callow* v. *Lawrence*, 3 M. & Sel. 97; *Norton* v. *Coons*, 3 Denio, 130; *Powers* v. *Nash*, 37 Maine, 322.)

III.   The allegation of plaintiff of an assignment to him of the joint note of himself and Henry is the exact equivalent in law of an allegation of payment of the note by plaintiff. (*Gordon* v. *Wansey*, 21 Cal. 77; *Long* v. *Bank of C.*, 1 Litt. Ky. 291; *Bryant* v. *Smith*, 10 Cush. 169).

*N. Soderberg*, for Respondent.

I.   The statement on motion for a new trial should be stricken out and disregarded. (*Corbett* v. *Swift*, 6 Nev. 194.)

II.   The complaint being verified, and defendant having failed to specifically controvert the assignment and indorsement of the note to plaintiff, his ownership thereof, nonpayment, and the amount due thereon, the judgment of the court below must be affirmed, whether the statement be considered or not. This is a material allegation. (C. L. sec. 1128; *Frisch* v. *Caler*, 21 Cal. 71.)

III.   The findings, not being embodied in the statement, are no part of the record. (C. L. sec. 1266.)

IV.   The doctrine invoked by appellant that the note became extinguished when paid by the surety is unjust, illiberal, technical, and against public policy. There is no more reason for applying such a rule against a surety, than

against an indorser. (*Rockingham Bank* v. *Claggett*, 29 N. H. 292; Story on Bills, p. 246; note 2 and cases cited; *Guild* v. *Eager*, 17 Mass. 615.)

By the Court, LEONARD, J.:

It is alleged in the complaint that defendant made his certain promissory note with plaintiff as surety, in words and figures following, to wit:

"$450.

"On the first day of February next, for value received, we jointly and severally promise to pay Whitesides & Sacrider the sum of four hundred and fifty dollars in United States gold coin, with interest at two per cent per month, until paid.                             CHARLES HENRY,

FRED. FREVERT.

"Genoa, September 28, 1865."

"That said note was then and there delivered to the payees named therein, who indorsed and transferred the same to one Henry Epstein, by whom it was held and owned when it became due and payable, on the first day of February, 1866; that defendant failed and refused to pay the amount due on said note, or any part thereof, when it became due; that immediately thereafter said Henry Epstein duly notified plaintiff, as surety upon said note, that defendant had failed and refused to pay any part of said note; that both principal and interest remained due and payable from said maker to said indorsee; that he, the said indorsee, should look to plaintiff as such surety to pay the same, and then and there demanded of and from plaintiff the payment thereof; that subsequently, to wit, about March 16, 1866, plaintiff, as such surety, was compelled to, and did, pay to said Epstein, the lawful holder and owner of said note, the sum of one hundred dollars, United States gold coin, which sum, thus paid, was paid for and on behalf of defendant, on account of said note, and in part payment of the principal and interest; that subsequently, to wit, about the —— day of May, 1866, plaintiff, as such surety, was compelled to, and did, pay to said Henry Epstein, who was still the

lawful holder and owner of said note, the further sum of four hundred and fifty dollars and fifty cents, United States gold coin, which said further sum thus paid, was paid for and on behalf of said defendant, and on account of said note, and in full payment of the principal and interest of said note, and thereupon said indorsee duly indorsed, assigned, and delivered said note to plaintiff, who is now, and ever since has been, the lawful holder and owner of the same; that no part has been paid, and there is now due from defendant to plaintiff, on account of said note and said moneys paid as before stated, with interest thereon, the sum of one thousand seven hundred dollars, in United States gold coin."

Other facts are pleaded, showing that the action is not barred by the statute of limitation, and the prayer is for judgment for one thousand seven hundred dollars, besides interest upon the sum of four hundred and fifty dollars, at two per cent. per month, from the commencement of the action until judgment, and costs of suit.

By his answer defendant admitted the making and delivery of the note as alleged, but denied payment by defendant, or that one thousand seven hundred dollars or any other sum was due as alleged or otherwise. He also pleaded entire failure of consideration.

Plaintiff recovered judgment for one thousand eight hundred and one dollars and fifty cents, with interest upon four hundred and fifty dollars at the rate of two per cent. per month from the date thereof until paid, and costs of the action.

Defendant moved for a new trial, which was denied; and this appeal is taken from that order and from the judgment. At the oral argument, counsel for plaintiff made several preliminary motions, one of which was to strike out the statement on motion for a new trial, for reasons then stated. Inasmuch as our opinion will be based upon errors claimed by counsel for appellant to appear upon the judgment roll, which will necessitate a reversal or modification of the judgment, it is unnecessary to pass upon the preliminary motions. In cases of this character a judgment must

accord with, and be warranted by, the pleadings of the party in whose favor it is rendered, and if such is not the case the judgment is as fatally defective as one not sustained by the findings or verdict. *(Bachman* v. *Sepulveda,* 39 Cal. 688.).

An objection that the judgment is not authorized by the pleadings may be taken upon the judgment roll alone, whether there is a statement on motion for a new trial or not. *(Putnam* v. *Lamphier,* 36 Cal. 158.)

Upon an appeal from a judgment, any error appearing in the judgment roll may be corrected in the appellate court without a statement on appeal. *(Klein* v. *Allenbach,* 6 Nev. 162.)

Let us ascertain, then, the full extent of relief to which plaintiff was entitled, according to the case made by his complaint, and for what amount he could have taken a valid judgment, if defendant had failed to appear and answer. And first, what is the nature of this action ? Is it an action upon the promissory note proper, or is it to recover, on implied assumpsit, for money paid by plaintiff for defendant's use and benefit, as surety, in satisfaction of the note? I think it is the latter. Plaintiff had no right to bring any other action, and all the facts necessary to support such an one are pleaded. It is true that there are certain immaterial allegations which are proper to be inserted, and are material, in an action upon a promissory note; but those allegations, when considered with previous ones, cannot be true in the sense apparently expressed, whether the action was intended to be upon the promissory note proper, or for money paid for defendant's use and benefit.

That is to say, plaintiff having alleged that he paid five hundred and fifty dollars and fifty cents, for and on behalf of defendant, on account of said note, and in full payment of said note, principal and interest, it is an insertion of mere surplusage to allege, in addition, "that Epstein then indorsed, assigned, and delivered said note to plaintiff; that plaintiff is and ever since then has been the lawful holder and owner thereof, and that no part has been paid."

Plaintiff could not be the "owner and holder," after

payment, except as evidence of the fact that he has paid the note. If, as joint maker, although in fact only surety, he paid the note to Epstein, it was no longer negotiable. Had he passed it by indorsement to another, his indorsee could not have recovered upon the note, nor could plaintiff recover upon it in his own name. By his payment, as alleged, to Epstein, the note was satisfied and became *functus officio*, as to both plaintiff and defendant. There was, thereafter, no debt due from either to Epstein; but, by reason of plaintiff's payment, defendant became indebted to him for the amount due and paid.

It is said by counsel for plaintiff that "the complaint being verified and the defendant having failed to controvert specifically the assignment and indorsement to the plaintiff, his ownership thereof and non-payment, the judgment must be affirmed whether the statement be considered or not."

It may be admitted, generally, that in an action upon a promissory note, an allegation of non-payment is a material averment, and consequently, in such an action, should be denied if the fact of payment be relied on. But here the allegations are that after payment had been made to Epstein by plaintiff, one of the joint makers, Epstein then assigned and delivered the note to plaintiff, and that defendant has not paid the same to him. Such an allegation, upon the facts disclosed by the complaint, falls of its own weight and requires no denial. Upon the facts stated, that plaintiff paid the note, principal and interest, to Epstein, the law declares that defendant need not pay, and cannot be compelled to pay, the note as such ; but that he ought to pay, and can be made to pay, to plaintiff, the amount due and paid by him.

In *Holliman* v. *Rogers,* 6 Tex. 97, the court says: "It will be recollected that the notes sued on in this case were the joint notes of the defendant Holliman, Grace, and O'Neal. The record does not disclose whether the two last-named were securities of the former or not. But to put it on the footing that Grace put it on himself, in speaking of the payment of the notes, which testimony was ruled out by the court, that he had paid the notes as

security of Holliman, such payment amounted to an extinguishment of the original liability, and no suit could be maintained on the notes in the name of either Grace or his agent Rogers. Grace would have a right of action against Holliman for the money or the amount paid, but not founded on the notes, because they had been paid off and the debt secured by them extinguished. The right of action would have been founded on an implied assumpsit, to which there could have been no other party plaintiff but the security, Grace, who had paid the money."

It has been held in some cases that when a note has been paid by one who is merely collaterally interested, as an indorser, its negotiability is not destroyed, and the note remains good as against the maker. (*Cochran* v. *Wheeler*, 7 N. H. 202; *Guild* v. *Eager*, 17 Mass. 615.) In *Davis* v. *Stevens*, 10 N. H. 188, the court comments upon those cases thus:

"Where a note is taken up under such circumstances, it is not, in fact, paid. An individual discharges his liability as guarantee merely, but the general promise of the note remains unextinguished. But such is not this case. Here, if payment is made at all, it is made by a co-signer. But where one of two joint promisors, who is liable directly upon the note for its whole amount, pays such note, the note is necessarily extinguished. Whenever he discharges himself from the note by such payment, the payment goes to the whole promise of the note, and when the entire promise of the note is met and extinguished, it cannot afterwards be revived as a subsisting contract against a co-signer. New rights and liabilities arise betwixt the co-signers, but the original contract is at an end." (See, also, *Hopkins* v. *Farwell & Scott*, 32 N. H. 429; *Long et al.* v. *Bank of Cynthiana*, 1 Little (Ky.) 291; *Bryant* v. *Smith, executrix*, 10 Cush. 171; *Pray* v. *Maine*, 7 Id. 253; *Stevens & Pillet* v. *West & Hamilton*, 1 Howard (Miss.) 310; *Smith* v. *Johnson*, 23 Cal. 64; 2 Pars. on Notes and Bills, 237.)

Upon the facts stated in the complaint, plaintiff was entitled to maintain an action of implied assumpsit for the amount paid, but he could not sustain an action upon the

note. We think it appears upon the judgment-roll that the court erred in giving judgment for any sum greater than the amount paid by plaintiff in satisfaction of the note, to wit, five hundred and fifty dollars and fifty cents, together with legal interest thereon from the date of payment until judgment. This conclusion necessarily follows from the allegations contained in the complaint, and the consequent legal conclusions of a total satisfaction of the note and extinguishment of the debt arising therefrom. The law implies a promise on the part of defendant to repay plaintiff, but it does not imply a promise to pay him any interest beyond ten per cent. per annum, the legal rate allowed by the statute in such cases. That provides that parties may agree in writing for the payment of any rate of interest whatever on money due, or to become due, on any contract, and when there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum. If there was any contract or agreement in writing between plaintiff and defendant that plaintiff should receive more than the legal rate of interest, that fact should have been pleaded, and in the absence of such allegation, he was not entitled to receive interest in excess of ten per cent. per annum from the date of payment. The only error complained of, and the only one shown, even though we should examine the statement, is that judgment was rendered for a higher rate of interest than the law allows. Under such circumstances, it is proper that the judgment be modified. The court below is directed to so modify the judgment herein as to allow the plaintiff the sum of five hundred and fifty dollars and fifty cents, together with interest thereon at the rate of ten per cent. per annum from the dates of payment until judgment, and legal interest upon said sum of five hundred and fifty dollars and fifty cents from date of judgment until it is paid, together with costs of suit, all in gold coin of the United States; and as so modified the judgment will stand affirmed. The plaintiff will pay the costs of appeal.