# DENVER BRICK MANFG. CO. *v.* McALLISTER.

*(Supreme Court of Colorado, December Term, 1882—Error to the County Court of Arapahoe County—On Petition for Rehearing.)*

1. STATUTORY JURISDICTION —AMOUNT— INTEREST ACCRUING PEN-DENTE LITE. The amount specified as the statutory limitation of the jurisdiction must be taken to mean the amount due the plaintiff, or the value or amount of his claim, or the value of the property sought to be recovered at the time of bringing the action ; and in an action for the recovery of money, where the principal sum draws interest, if the amount due at the time of the commencement of the action, including interest, does not exceed $2,000, the County Court, under the constitution and statutes of Colorado, has jurisdiction, and the accumulation of interest *pendente lite* will not oust such jurisdiction.

STONE, J.   The petition for rehearing in this case, which is filed *pro forma*, for the purpose of bringing up a jurisdictional question raised in the Court below since we delivered our opinion in the case, recites in substance that the amount now due the defendant in error, and for which judgment is directed by this Court to be entered by the County Court, is greatly in excess of the sum of $2,000, arising from the accumulation of interest since the rendition of the original judgment in that Court; and the petitioner asks that we now determine the question, whether, under the constitutional limitation of the jurisdiction of County Courts as to amount, such Court has authority to enter judgment for a sum in excess of $2,000.

The constitutional provision referred to is contained in Sec. 23, of Art. VI, of the constitution, and is as follows:

County Courts shall be Courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators and administrators, and settlement of their accounts, and such other civil and criminal jurisdiction as may be conferred by law: *provided*, such Courts shall not have jurisdiction in any case where the debt, damage or claim or value of property involved shall exceed $2,000, except in cases relating to the estates of deceased persons.

The same language is employed in the act of the General Assembly, defining the jurisdiction and establishing the prac-

tice of County Courts of the State under the constitution. Sec. 571, G. L.

Most of the authorities I have been able to find upon questions touching jurisdiction of Courts limited as to amount, agree that, upon language like that of our statute, the amount controlling the jurisdiction is the sum due, or claimed to be due, and for which judgment is sought and demanded by the plaintiff, or the value of the thing or matter in controversy *at the time of the commencement of the suit.* But few decisions, however, are in point upon the precise question raised here, for the reason, that in nearly all of the cases examined, the language of the statute as to actions for the recovery of money is expressed to be for "the principal sum due," or for the sum due, "exclusive of interest and costs," while the omission of such qualifying words in our statute gives rise to the question before us.

Since the question is one of construction of the statute defining the jurisdiction, we think that construction should be adopted, as the most reasonable, which produces the least uncertainty in litigation, and the least inconvenience and expense to litigants. Such a result could not follow if a Court, guided by the sum claimed by the plaintiff, and having thereupon rightfully assumed jurisdiction, and proceeded to a hearing, could be ousted of that jurisdiction upon the sole ground, that the accretion of interest, or the increase in value of the property in controversy *pending the suit,* had increased such sum or value to an amount, *at the time of the rendition of the judgment,* in excess of the sum specified in the statute. When he brings his action, it is impossible for the suitor, or for the Court, to foretell the date of its determination and judgment. A jurisdiction which depended upon a sum found due at the end of protracted litigation, and which, before that time, could not be said to lawfully attach, would be a very uncertain jurisdiction.

And to say that a Court, which should take jurisdiction of a cause wherein the amount claimed was, at the commencement of the suit, clearly within the statutory limitation, could afterwards, by the mere accumulation of interest *pendente lite,* be ousted of that jurisdiction when it came to render judgment,

and the suitor be either compelled to take a judgment, upon penalty of remitting a part of his just recovery, if this might be done in the case of a money demand, or be turned out of Court at this stage of the proceedings, to seek another forum, would be "a most lame and impotent conclusion."

There is some conflict of decisions as to what should be the proper test of jurisdiction when limited in amount; whether it should be the amount demanded by the plaintiff in bringing his action, or the amount found due upon hearing; but, as already remarked, many of these decisions are placed upon the particular wording of statutes.

In the case of *Gregg* v. *Wooden*, 7 Ind., 499, in determining a similar question, arising in a suit before a justice of the peace, the Supreme Court say:

"Previous to the revision of 1852, the statute gave jurisdiction, if the demand, exclusive of interest, did not exceed $100. In the present Code, the words 'exclusive of interest' are omitted, and we cannot supply them without a departure from the plain letter of the statute. It is suggested in argument, that interest may accumulate after the commencement of a suit, so as to oust the jurisdiction of the justice if this view prevails. If such were the case, it would not change the language; but we think it is not. The statute refers to the amount claimed at the time the action is commenced. Jurisdiction having once attached, it will not be defeated by a continuance of the cause, and the accumulations of interest pending the suit may be recovered."

To the same effect is the ruling in the case of *Dowling* v. *Stewart*, 3 Scam., 194, and followed in the case of *Welch* v. *Karstens*, 60 Ill., 118.

In the case of *Scott* v. *Russell*, 8 Mo., 407, where, on appeal to the District Court in a suit before a justice of the peace for the recovery of a horse, the value of the horse, at the time of the trial on appeal, was proved to be greater than the amount of the justice's jurisdiction, it was held that the value of the property at the time of the trial before the justice was the test of the jurisdiction, and that a subsequent increase in value would not oust the jurisdiction. The same principle is also laid down in the case of *Sweeny* v. *Lowe*, 6 B. Monroe, 314.

35

Jurisdiction is defined to be the power to hear and determine. When, therefore, the jurisdiction is clearly acquired at the commencement of the action, it would seem to follow logically that the power to hear and determine the matter in controversy carries with it the implied power to render judgment for the amount found, by such hearing and determination, to be due at the time of the rendition of judgment, although that amount be then in excess of the amount specified in the statutory limitation under which the jurisdiction attached.

The jurisdiction of a Court to render judgment in a cause is co-extensive with its authority to inquire into the facts. *Fensier* v. *Lommer*, 6 Nev., 214.

In the case at bar, the Court had unquestionable jurisdiction as to the amount claimed by the plaintiff when the action was brought. In fact, the original judgment was not in excess of $2,000, and the present excess comes from accrued interest since the rendition of that judgment, and pending the appeal to this Court.

For the reasons above expressed, and supported by the authorities cited, we conclude that the amount specified as the statutory limitation of the jurisdiction in question, must be taken to mean the amount due the plaintiff, or the value or amount of his claim, or the value of the property sought to be recovered at the time of bringing the action. (*Inhabitants, etc.,* v. *Weir*, 9 Ind., 224; *Barber* v. *Kennedy*, 18 Minn., 226; *Stone* v. *Murphy*, 2 Iowa, 237; *Klein* v. *Allenback*, 6 Nev., 159; *Sherman* v. *Clark*, 3 McLean, 91.) And in an action for a money recovery, where the principal sum draws interest, if the amount due at the time of the commencement of the suit, including principal and interest, does not exceed $2,000, the County Court has jurisdiction, and the accumulation of interest during the pendency of the suit will not oust such jurisdiction.

The Court below having authority to render judgment, as heretofore directed by this Court, there is no ground for a rehearing, and the petition is therefore dismissed.