| 64 | 11 |
| 110 | 40 |

[Department Two.—July 20, 1883.]

## GILMAN GORTON, APPELLANT, v. L. FERDINANDO, RESPONDENT.

JURISDICTION OF SUPREME COURT.—An action was brought in a Justice's Court to recover one hundred dollars damages for cutting timber. Both plaintiff and defendant claimed title to the land from which the timber was cut, and thereupon the case was transferred to the Superior Court. There the plaintiff amended his complaint alleging ownership of certain described lands, and demanded two hundred and ninety-nine dollars damages for cutting timber therefrom. To this amended complaint defendant neither demurred nor answered. Judgment by default was entered and an execution issued, and from an order recalling the execution the plaintiff appealed. *Held*, that it does not appear that the case made by the amended complaint is the case transferred from the Justice's Court, and as it involves no question of title, and the amount in controversy is less than three hundred dollars, neither the judgment nor any order made after judgment can be reviewed on appeal to the Supreme Court.

APPEAL from an order of the Superior Court of Amador County recalling an execution.

The facts are sufficiently stated in the opinion of the court.

*A. C. Brown*, and *John A. Eagon*, for Appellant.

*Charles R. Gray*, for Respondent.

SHARPSTEIN, J.—The appellant commenced an action in a Justice's Court against the respondent for the recovery of one hundred dollars damages, which appellant alleged he had sustained by reason of the respondent's entering upon appellant's land and cutting timber thereon. The respondent in his answer alleged that he was the owner of the premises upon which

appellant alleged that said timber was cut, and thereupon the justice made an order transferring the case to the Superior, Court, which permitted appellant to file an amended complaint, in which it was alleged that he was the owner, in the possession and entitled to the possession of certain described land, and that respondent entered upon it at a certain date, and without leave of appellant cut down and converted to his own use one hundred trees, of the value of fifty dollars, standing on said land, and demanded judgment for $299.25. To this complaint respondent neither demurred nor answered, and judgment by default was entered against him for $299.25. Afterwards the court made an order setting aside said judgment, and remanding the case to the Justice's Court, on condition that appellant should serve and file his cost bill, and respondent should pay the costs within twenty days. Afterwards the defendant made a motion, which the court denied, to have the condition of the order relating to the payment of the costs stricken out. At some time between the 14th day of December, 1881, and the 27th of December, 1882, the clerk of said court issued an execution for said costs, which on motion of the defendant was recalled by an order of the court made and entered on the 6th day of January, 1883; and from that order this appeal is taken; and the first question to be determined is whether an appeal will lie in a case like this.

The damages claimed were less than three hundred dollars. The case, as stated in the complaint, does not involve the title or possession of real estate any more than an action of trespass *quare clausum* must necessarily involve such title or possession. As before stated, the defendant made no answer to the complaint, and the judgment, exclusive of costs, was for less than three hundred dollars.

It is by no means certain that the cause of action set out in the complaint filed in the Superior Court is the same as that set out in the complaint filed in the Justice's Court. It does not appear that the trespass alleged in the one was the same as that alleged in the other. For anything that appears on the face of said complaints, the premises on which it is alleged a trespass was committed may not be the same. The cause was tried upon the complaint filed in the Superior Court, which took the place

of the original complaint, which then ceased to perform any further function as a pleading. (*Barber* v. *Reynolds*, 33 Cal. 497.) Therefore the case transferred from the Justice's to the Superior Court, on the ground that it involved the title or possession of real property, has never been tried. The case tried involved no such question; and as the amount in controversy was less than three hundred dollars, neither the judgment nor any order made after the judgment can be reviewed on appeal in this court.

Appeal dismissed.

MYRICK, J., and THORNTON, J., concurred.

Hearing in Bank denied.