[No. 1345.]

THE COMSTOCK MILL AND MINING COMPANY, APPELLANT, *v.* L. ALLEN ET ALS., RESPONDENTS.

JURISDICTION ON APPEAL—ORDER RE-TAXING COSTS.—Where the case as made in the court below is one of which this court might have appellate jurisdiction, it has jurisdiction of an appeal from an order retaxing costs, made subsequent to judgment, although the case was dismissed by the plaintiff in the court below, and although the amount involved is less than three hundred dollars.

CONSTITUTIONAL LAW—SUBSEQUENT CHANGES IN CONSTITUTION.—An act of the legislature, which was unconstitutional at the time of its enactment, will not obtain validity by a subsequent change in the constitution, authorizing such legislation.

IDEM—ORMSBY COUNTY FEE AND SALARY ACT.—The act of the legislature (Stat. 1887, p. 126) regulating the fees and compensation of the officers of Ormsby county is not unconstitutional as being local or special legislation.

STATUTORY CONSTRUCTION—JURAT—CERTIFICATES.—A jurat is not a certificate, within the meaning of the fee bills, and, as the statute does not provide any fee for a jurat, where the oath is administered either by a notary public or the county clerk of Ormsby county, those officers are not entitled to charge anything therefor.

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Ormsby county.

*Richard Rising*, District Judge.

The facts are stated in the opinion.

*Trenmor Coffin*, for Appellant.

I.   The Ormsby county fee bill of 1887 is special legislation, being made for one county alone when a general fee bill was in force, and is in direct contravention of section 20 of article IV. of the constitution, as that section stood when the act was passed. (*State* v. *Boyd*, 19 Nev. 43; *State* v. *California M. Co.*, 15 Nev. 234; *Evans* v. *Job*, 8 Nev. 322.)

II.   The court below erred in allowing as costs a charge of one dollar and twenty-five cents for the jurat of the clerk upon the theory that such jurat is a certificate. The word " certificate," as used in the fee bill, and as commonly and everywhere understood, and as defined in the books, refers to quite a different thing from the jurat of an affidavit. (Bouvier's Law Dic.

Vol. 1, 250; Anderson's Law Dic. 160; Burrell's Law Dic. Vol. 1, p. 266; Rapalje & Lawrence Law Dic. Vol. 1, 185.)

III.   The jurat is a part of the affidavit and the clerk is not entitled to charge twenty-five cents for taking the verification to a complaint, answer or cost bill, until he has placed his jurat upon it. (Wharton's Law Dic. 407; Bouvier's Law Dic. 14th Ed., Vol. 1, 97, 768; Wharton's Law Lex. 441; Rapalje & Lawrence Law Dic. 191; Brown's Law Dic. 191; Burrell's Law Dic. Vol. 2, 110; *Morris* v. *State,* 2 Tex. App. 503.)

IV.   This court has jurisdiction to determine the appeal.   If the district court has original jurisdiction to determine or pass upon a question involving less than three hundred dollars, the supreme court must have jurisdiction to review it.   " Every reason in favor of the jurisdiction of the district court to try, applies with equal force to the jurisdiction of this court to review."   (*Klein* v. *Allenbach,* 6 Nev. 162; *Gallagher* v. *Holland,* 20 Nev. 167; *Peacock* v. *Leonard,* 8 Nev. 84.)   " All civil cases which the district court have jurisdiction to try, this court has jurisdiction to review, no matter what the judgment of the district court may have been."   (*Solomon* v. *Reese,* 34 Cal. 28–33; *Dashiell* v. *Slingerland,* 60 Cal. 655; *Baily* v. *Sloan,* 65 Cal. 388; *Lord* v. *Goldberg,* 22 Pac. Rep. 1126.)

### IN REPLY.

V.   While the position of counsel for respondents that the order of the court below is not appealable and that the appeal could only have been taken from the judgment, appears to be supported by the earlier California decisions, yet those decisions have been overruled by later decisions of the California supreme court, and it is now well settled in that state, under statutes identical with ours, that an order re-taxing costs made after final judgment is an appealable order. (*Dooly* v. *Norton,* 41 Cal. 441; *Calderwood* v. *Peyser,* 42 Cal. 112; *Clarke* v. *Crane,* 57 Cal. 633; *Empire Co.* v. *Bonanza Co.,* 67 Cal. 410; *Muir* v. *Meredith,* 82 Cal. 23.)

*Sardis Summerfield* and *J. D. Torreyson,* for Respondents.

I.   The appeal should be dismissed for the reason that the order is not appealable.   It is not a special order made after final judgment, for although made subsequent to the entry of the judgment in mere point of time, yet in legal effect it relates

back to and became a part of the judgment. The appeal should have been taken from the judgment and have been accompanied by a statement. (*Flubacher* v. *Kelly*, 49 Cal. 116; *Lasky* v. *Davis*, 33 Cal. 677; *Levy* v. *Getleson*, 27 Cal. 688.)

II.   The Ormsby county fee and salary act of 1887 is not inimical to Sec. 20 of Art. IV. of the constitution.  It is neither special nor local legislation within the meaning of the constitution.  (*Evans* v. *Job*, 8 Nev. 322.)

III.   Even should that portion of the act fixing a schedule of fees be held to be unconstitutional, the entire act will not be declared to be void if the unconstitutional features can be eliminated without defeating the whole object and scope of the act. (*Rosenstock* v. *Swift*, 11 Nev. 129; *Evans* v. *Job*, 8 Nev. 322; *State* v. *Eastabrook*, 3 Nev. 173.)

IV.   The act of 1887 (Stats. of 1887, p. 126) expressly distinguishes between a simple certificate and a certificate under seal, and provides for a separate charge for each.  A "jurat" is a simple certificate and is so defined.  (Burrill's Law Dic. 646; 1 Barbour's Ch. Pr. 44 and 144.)  The derivation of the word "certificate" (from *certus*, certain, and *facere*, to make) shows that any authenticated record exhibiting to a certainty that some particular thing has been done, is a certificate.

By the Court, BIGELOW, J.:

This action was brought under the statute of 1889, p. 107, to determine the priority of rights to the use of the water of the Carson river.  A motion by some of the defendants to set aside the notice of the action was sustained by the court, whereupon the petitioner moved to dismiss the cause; this motion was granted, and judgment entered for the defendants for costs of suit, amounting to two hundred dollars and twenty-five cents. A motion by the petitioner to retax the costs was partly overruled, and from this order the appeal is taken.

The first question which presents itself is whether this court has jurisdiction of the appeal, the amount involved being less than three hundred dollars.

It is admitted that the case, as brought in the district court, is one that this court could have had jurisdiction of upon appeal, had it not been dismissed by the petitioner; but it is contended, as we understand the matter, that this dismissal ended

the case as such; that if before such dismissal it had been a case in equity, after, it became a mere money demand for less than three hundred dollars. But there does not seem to be any sufficient reason for supposing that the dismissal had the effect of so entirely separating the proceedings. The " case " still existed for all proper and necessary purposes; if an execution were issued, it would certainly be in that case, and the motion to retax the costs was as much a part of the case as was the filing of the complaint or the order for judgment.

A case is defined to be an action, suit, or proceeding. It embraces everything from the filing of the complaint to the entry of satisfaction of the judgment. They are all steps in, or parts of, the same case. It being admitted that this court has jurisdiction of the " case," this necessarily means that it has jurisdiction of every part of it, in so far at least as the legislature has made provision for the parts being brought up on appeal. The statute provides that there may be an appeal from certain preliminary orders, from the final judgment, or from any special order made after judgment. The right to appeal from such special order is of equal rank and dignity with the right to appeal from the judgment. One right in no manner depends upon the other. It is the case as made in the district court, and not the amount involved in the appeal, that gives the right to appeal. This was so held in regard to a judgment in *Klein* v. *Allenbach,* 6 Nev. 159, and in *Solomon* v. *Reese,* 34 Cal. 28.

The case being a proper one, the time and manner of taking the appeal become a mere matter of statutory regulation. Whether the appeal may be from a part of the case at a time, or only from the whole of it at once, is for the legislature alone to determine. (*Burbank* v. *Rivers,* 20 Nev. 81.) The statute provides for an appeal from " *any* special order made after judgment." The right is given without limitation or restriction. Why then attach to it the condition that the order must not have been made in a case in which the party has consented to the judgment, or in which he has lost the right to appeal from the judgment? He has never consented to the order, and his consent to the judgment will not make the order any the less injurious to him, nor in any way affect its legality when made. Its correctness in no wise depends upon the judgment, but upon entirely extraneous matters.

*Wilde* v. *Wilde*, 2 Nev. 306, seems squarely in point. There, in an action for divorce, judgment had gone in favor of the defendant. Subsequently the court made an order for him to pay the plaintiff one hundred and ninety-three dollars and twenty-five cents as alimony *pendente lite*, and as expenses of suit. From this order the defendant appealed, and in considering the question of jurisdiction, the court said: "It is urged that this court has no jurisdiction in this case, because the amount ordered to be paid is less than three hundred dollars. This court has jurisdiction in all chancery cases, whatever may be the amount in controversy. This comes within the jurisdiction of this court. The order complained of was made after judgment, and is therefore an appealable order under the statute." In line with this, it was held that where the case was not one which could be appealed, no appeal could be maintained from an order made subsequent to judgment. (*Gorton* v. *Ferdinando,* 64 Cal. 11; Hayne, New Trials & App. pp. 524, 589.)

In California it was at one time held that there could be no appeal from an order striking out a statement on motion for a new trial, but this was overruled in *Calderwood* v. *Peyser,* 42 Cal. 110, where Wallace, J., in pronouncing the opinion of the court, used this language: "The case at bar is one involving the title of certain real estate, and, as a case, is therefore clearly embraced within the appellate jurisdiction of this court. A case is a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. To the existence of such a case parties are necessary; also pleadings and proceedings. Trials, orders, judgments, etc., usually follow. These together constitute the case, and when, as here, that case is itself one within the appellate jurisdiction of this court, *any order* made therein by the court below becomes a part of it, and must consequently be subject to the power of this court to review it. * * * Accordingly the statute allows an appeal to be taken directly from any special order made after final judgment, as the only safe and convenient method for its review. The statute declares such an order made subsequently in point of time to the rendition of the judgment, to be the subject of a distinct appeal, and we are not at liberty to add that it must also be an order made in the direct line of the procedure." That an appeal will lie from any such subsequent order has now become the settled doctrine in California (*Stonesifer* v. *Kilburn,* 29 Pac. Rep.

332), as well as in our own state (*Marshall* v. *Golden Fleece, etc., Co.*, 16 Nev. 156).

Mr. Hayne, in his work on New Trials (page 584), says: "It results that any order which is subsequent in point of time to the judgment is a 'special order made after final judgment,' and is appealable. * * * So that the rule is that *any order* subsequent in point of time to the entry of judgment is appealable." This, indeed, is the plain language of the statute, and there seems to be no reason for attaching to the right of appeal conditions that are not found therein.

What we have already said will sufficiently indicate our views upon the objection that there can be no appeal from the order re-taxing the costs of an action, and that the question of costs can only be considered upon an appeal from the judgment. This was at one time the rule in California, under a similar statute, but it is now held there, as we think correctly, that where the question of costs arises subsequently to the entry of judgment, an appeal from the order is the correct and only remedy. (Hayne, New Trials & App. Sec. 197.)

In the matter of costs, the only question presented upon the appeal is that concerning the amount properly chargeable for verifying the answers and cost bills in the case, of which a number were filed by the different defendants. The charge made is one dollar and twenty-five cents in each instance—twenty-five cents for administering the oath and one dollar for attaching a jurat to the affidavit, upon the theory that the jurat constitutes a certificate, for which that amount is allowed by the statute of 1887 (page 126), regulating the fees and compensation of the officers of Ormsby county.

It is first contended that this act is unconstitutional, upon the ground that it is special legislation, applicable only to Ormsby county, and, as such, in conflict with section 20 of article 4 of the constitution as it stood prior to the amendment adopted in 1889. It becomes necessary to pass upon this question, because that act allows larger fees for these services than are allowed by the general statutes, which, if this act is unconstitutional, would govern their amount. If the statute was in conflict with the constitution as it stood at the time of the passage of the law, the subsequent change in the constitution authorizing such legislation would not validate it. (*State* v. *Tufly*, 20 Nev. 427.) We are of the opinion, however, that in

the case of *State* v. *Fogus*, 19 Nev. 247, the question of the constitutionality of such a statute was settled adversely to the appellant, and as the reasoning of the case seems clear and satisfactory, we see no grounds for refusing to follow it here.

We are also of the opinion that a jurat is not a certificate within the meaning of the law fixing the fees of officers. What the legislature meant by the word certificate, as used in this act, is, of course, the real point for decision here. It is not sufficient that in some senses a jurat may be a certificate, if that is not the sense in which it is used here. So far as that is concerned, it may be said that any writing attesting a fact is a certificate of that fact—for intance, filing a paper is usually defined as the placing of it in its proper place among the files, and the indorsement made upon it is but the evidence—the certificate—that it has been so placed. But while the indorsement certifies to the fact of the filing, it certainly would not be called a certificate, within the meaning of this act. In the same sense the jurat attests or certifies to the fact that the oath has been administered. But this is not the usual meaning of the word certificate. We are of the opinion that as used in this act, the legislature intended a formal certification of some fact, such as the certificate attached to a judgment roll, to a certified copy of a record or paper, and similar instances. This is the usual meaning of the word, and in the absence of any reason to the contrary, must be presumed to be the sense in which it is used here. "In the construction of statutes a word which has two significations should ordinarily receive that meaning which is generally given to it in the community." (Suth. Stat. Const. Sec. 248.) "Where words are used generally, the natural conclusion is that the popular meaning is the one intended." (*Ormsby Co.* v. *State*, 6 Nev. 283.)

No fee being provided for the jurat, where the oath is administered by a notary public or the county clerk of Ormsby county, these officers are required to perform that service without compensation; and it follows that one dollar of the charge made for the administration and certification of each oath should have been struck out of the cost bills and disallowed.

The order appealed from is reversed.

MURPHY, J., expresses no opinion.