<hr />

MEYER ET AL., PLAINTIFFS IN ERROR, v. HELLAND, DEFENDANT IN ERROR.

1. PRACTICE IN JUSTICE'S COURT—JURISDICTION.

The amount indorsed upon the summons issued by the justice of the peace as the amount of the plaintiff's claim concludes the plaintiff as to the amount of his recovery, unless in some legal and recognized manner it be changed.

2. SAME.

It is erroneous to enter judgment in a case on appeal from a justice of the peace in excess of the amount indorsed upon the back of the summons.

*Error to the County Court of Phillips County.*

Messrs. SMITH & MUNTZING and Mr. WILLIAM E. BECK, for plaintiffs in error.

No appearance for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

This action was begun before a justice of the peace in one of the precincts of Phillips county. Observing the mandate of section 1933 of the General Statutes of 1883, the justice indorsed on the back of the summons the amount of the claim as one hundred dollars. The plaintiff contended that he had sustained damages by the taking of certain horses from his pasture by the defendants, Meyer and Reeves. Apparently the plaintiff's title was a qualified one, resulting from his possession and the contract under which the stock came to

him.   The trial before the justice resulted in a judgment in
favor of Helland for $12.50 and the costs, which were taxed
at $8.05.   An appeal was taken to the county court.   The
usual steps prescribed by the statute were followed, and the
record got into the county court, where a new trial was had
and judgment there rendered for Helland in the sum of one
hundred and fifty dollars.   While the case was pending in
the county court and before its trial, Meyer and Reeves moved
to dismiss it on various grounds.   It was claimed that the
judgment was entered on August 30th and the appeal bond
was not filed till September 12th, more than ten days after
the entry.   This was the principal ground of the motion.   On
the final hearing of the motion, the county court found that
the appeal had been taken according to the statute, and there-
after proceeded to try the case, and entered the judgment of
which the plaintiffs in error complain.

That court was powerless to enter a judgment beyond the
amount named in the plaintiff's summons.   The amount in-
dorsed on the back of the summons as the amount of the plain-
tiff's claim, like the *ad damnum* in the ordinary complaint,
concludes the plaintiff as to the amount of his recovery, unless
in some legal and recognized manner it be changed.   *Denver
Brick Manfg. Co. v. McAllister,* 6 Colo. 326; *Eaton v. Graham,*
11 Ill. 619; *T. P. & W. Ry. Co. v. Pence,* 71 Ill. 174.

For this error the judgment must be reversed and remand-
ed for a new trial.

*Reversed.*