[No. 6459.]

## MARTIN V. PAYNE.

1. **Appeal—Harmless Error**—The denial of an appeal will not be regarded as prejudicial error, upon writ of error brought, even though the party demanding the appeal was entitled to it. —(172)

2. ——**Questions Not Presented Below**—Where the reply attempts to controvert an allegation of the answer, the sufficiency of such attempt will not be considered in the supreme court, if no objection thereto was made in the court below.—(173, 174)

3. **Bill of Exceptions—Where Necessary**—No question arising upon mere motion, or the like, will be considered by an appellate court unless brought to the attention of the trial court, its ruling thereon excepted to, and such ruling, and exception, brought into the record. The sufficiency of the evidence to support a judgment given upon a referee's report can be brought in question only by an exception taken to the judgment, and a bill of exceptions, displaying the evidence and such exception. —(174)

Even if the report of the referee is to be regarded as part of the record, there must be an exception to the judgment, to entitle the defeated party to a review of the evidence.—(174)

It is possible that this rule may not apply if an exception be taken to the denial of a motion for a new trial, based upon the alleged insufficiency of the evidence.—(174)

The court note that no exception was taken to the referee's report, to the order confirming it, or to the order denying a motion for a new trial.—(175)

4. **Jurisdiction—Of County Court—Amount in Controversy**—The jurisdiction of the county court is limited to the amount due to the plaintiff at the institution of his action. The jurisdiction is not ousted by the accumulation of interest.—(175)

5. **Appeals—County to District Court—Jurisdiction**—In an appeal from the county court, the district court may give any judgment which might have been given by the county court. —(175)

6. **Partnership—Accounting—Judgment**—Upon a bill for an account of the affairs of a partnership already dissolved, judgment for a sum certain, ascertained to be due by the defendant to the plaintiff, is within the issues.—(176)

*Error to Prowers District Court*—Hon. HENRY HUNTER, Judge.

Mr. O. G. HESS for plaintiff in error.

Mr. George H. Thorne and Mr. Alfred Todd for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

The parties to this proceeding were co-partners. Defendant in error, as plaintiff, on February 2nd, 1901, brought an action in the county court against his co-partner, as defendant, for an accounting, alleging that their partnership had been dissolved by mutual consent, and that upon a just and true settlement of their co-partnership business it would appear there was a large balance due him, not exceeding, however, the sum of two thousand dollars. From the judgment rendered in the county court the defeated party appealed to the district court, where a referee was appointed to hear and determine the issues, and report findings of fact and conclusions of law. Pursuant to this order, the cause was heard before the referee, who found and reported that plaintiff was entitled to recover from defendant the principal sum of $1,577.22, with interest, from November 15th, 1900, amounting to $883.26, a total of $2,460.48. This report was approved and judgment rendered accordingly. The defendant has brought the case here for review on error.

Three days after the final judgment was rendered, the court adjourned for the term. The next day defendant filed a written prayer for an appeal, which was subsequently refused. This is assigned as error. Whether the court was right or wrong in denying an appeal, is not material. Its ruling did not affect the rights of the parties one way or the other, on any question going to the merits, which are here for determination. These are the only ones proper to consider in reviewing the judgment. A party cannot complain of an order which did not injure him.

The remaining points urged in the brief of counsel for the defendant in support of the contention that the judgment is erroneous, and should be reversed, are stated as follows:

"2nd.  Because judgment was rendered against defendant for one-half of the assets before they were reduced to cash, and before they were collected, and without first paying partnership debts out of the same.

"3rd. ' Because defendant was charged with interest on one-half the profits and interest in the business, from the time of the dissolution of the co-partnership.

"4th.  Because the reports of the referee and the judgment of the court thereon was based, in part at least, upon certain exhibits on file that were not introduced in evidence, and confessedly did not contain but a portion of the accounts of the business transactions of the co-partnership."

The defendant, though duly notified, did not appear at the hearing before the referee.  He was also duly notified of the filing of the referee's report, but failed to file any exceptions thereto.  He did not take. any exceptions to the judgment confirming the report.  He filed a motion for a new trial, but not until after the court had adjourned for the term, and it is, therefore, doubtful if his motion was filed in time to be entitled to consideration—sec. 218 Civil Code. But, waiving this, it appears from the motion that none of the grounds now urged upon our attention as above quoted or elsewhere, in the brief of counsel for defendant, except that the report and judgment are not supported by the evidence, were called to the attention of the trial court by the motion for a new trial.  This motion was overruled, but no exception to such ruling was taken; so that the general rule, to the effect that before a question can be considered or reviewed by an appellate court, it must have been

brought to the attention of the trial court in some appropriate way, and its rulings thereon excepted to, and the record must show such ruling and exception. —*Corbin v. Phillips*, 26 Colo. 461; *Cone v. Montgomery*, 25 Colo. 277—precludes the defendant from having any of the questions argued in the brief of his counsel from being considered here, except the one that the judgment was not supported by the evidence. But that question is not before us for review, for two reasons: (1) There is no bill of exceptions, consequently we are unable to determine whether or not the report of the referee and the judgment of the court confirming it were supported by the testimony; (2) Even if the testimony had been preserved by bill of exceptions, it appears that no exception to the judgment was taken. It is the rule in this jurisdiction, as has frequently been decided by this court and the court of appeals, that the sufficiency of the evidence to support the judgment of the lower court will not be considered upon review unless an exception was taken and saved to such judgment. Possibly, if an exception had been saved to the order overruling the motion for a new trial, this rule might not apply, but as no exception was taken to such order, it is unnecessary to express any opinion thereon.

In the oral argument it was urged that as the action was originally commenced in the county court, the district court was without jurisdiction to render a judgment in excess of two thousand dollars. The complaint filed in the county court alleged that on settlement of the partnership affairs the sum due the plaintiff would not exceed two thousand dollars. The finding of the district court is that the principal sum due plaintiff was $1,577.22 as of date November 15, 1900. Interest on this sum down to the date when the action was originally commenced, added to the principal as ascertained by the district court, would aggregate less than two thousand dollars. The

amount fixed as the limitation of the jurisdiction of the county court means the amount due the plaintiff at the time of bringing his action. The accumulation of interest *pendente lite* will not oust such jurisdiction.—*Denver Brick Mfg. Co. v. McAllister,* 6 Colo. 326. On appeal to the district court the latter tribunal has the same jurisdiction that the county court had; that is to say, it had jurisdiction to pronounce any judgment which the county court might have entered.—*Estes v. D. & R. G. Ry. Co.,* 49 Colo. 378.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.

---

## On Petition for Rehearing.

Mr. JUSTICE GABBERT delivered the opinion of the court:

In support of the petition for rehearing it is urged that the report of the referee is a part of the record without being made so by bill of exceptions. Granting, for the sake of the argument, that this is correct, and referring to the report alone, it shows beyond dispute, from the testimony therein reported, that the judgment which it recommends is correct.

Whatever may be the rule in other jurisdictions, we have universally held that an exception to a judgment is necessary to enable a review of the evidence for the purpose of ascertaining its sufficiency to sustain the judgment. No exception was taken to the report of the referee, nor the judgment confirming the report, nor to the order of the court denying a motion for a new trial; so that plaintiff in error is not in a position to have the evidence reviewed as reported by the referee, if it were here.

It is urged that the judgment is outside the issues. The action was for a partnership accounting.

The evidence was heard by the referee. He determined the state of the accounts between the parties and rendered judgment accordingly. This judgment is within the issues.

It is finally urged that the allegation in the answer that the firm was indebted to the defendant in a sum named was not denied. There was at least an attempt to deny it. If not sufficient, the question should have been raised before the referee or before the court at some stage of the proceeding. This was not done, and this court will not review a question of this character which the trial court was not requested to pass upon.

The petition for rehearing is denied.

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.

Decided March 6, 1911; rehearing denied April 3, 1911.