# Garrett *v.* Garrett's Adm'r.

| 64 | 263 |
| 102 | 666 |
| 64 | 263 |
| 121 | 153 |
| 64 | 263 |
| 136 | 372 |
| 136 | 374 |

*Application by Administrator for Sale of Lands to Pay Debts.*

1. *Sale of decedent's lands to pay debts; burden of proof, and defenses against petition.*—When an administrator applies for an order to sell lands, whether descended or devised, for the payment of debts, the *onus* is on him to show the existence of debts chargeable on the lands, and the insufficiency of the personal assets; and the heir or devisee may contest the application, and may assert any defense against the alleged debts which would have been available to the decedent himself.

2. *Same; fees of probate judge, as debts.*—The fees of the probate judge, accruing in the course of the administration, or in the matter of the applica-

[Garrett v. Garrett's Adm'r.]

tion to sell the lands, can not be charged on the lands, unless debts against the decedent are proved for which the lands may be made liable.

3. *Proof of execution of promissory note.*—When a promissory note is the foundation of an action, the *onus* of proving its execution is not cast on the plaintiff, unless its execution is denied by a plea verified by affidavit (Code, § 3036); but, in all other cases, when it is proposed to use a note collaterally, the party asserting or relying on it must prove its execution.

4. *Same.*—An administrator's application to sell lands for the payment of debts being contested by the devisee and heir, and the issue being whether a promissory note, presented as a claim against the estate, was executed by the authority of the decedent; the payee testifying that decedent's name was signed by his authority, but making inconsistent statements, in depositions taken at two different times, as to the person by whom the name was written, and the place and attendant circumstances, while his testimony on these points was contradicted by both the persons named by him in connection with it; *held*, that the execution of the note by authority was not established.

5. *Sufficiency of proof as to disputed fact.* —When the evidence leaves a disputed question of fact in a state of doubt and uncertainty, the fact cannot be regarded as established, and the issue must be found against the party on whom the *onus* rested.

APPEAL from the Probate Court of Lowndes.

In the matter of the application of J. L. Hinson, as the administrator *de bonis non* of the estate of Charity Garrett, deceased, for an order to sell lands for the payment of debts; which application was contested by Caswell Garrett and others, devisees and heirs of said decedent. The court granted the order of sale as prayed, and its decree is here assigned as error.

CLOPTON, HERBERT & CHAMBERS, for appellant.

WATTS & SONS, *contra*.

BRICKELL, C. J.—This was an application to the Court of Probate, by an administrator with the will annexed, for an order to sell lands of the testatrix, for the payment of debts. The application was contested by the devisee of the lands; and the material questions, shown by the bill of exceptions, are of fact—whether any debts existed against the testatrix, and the insufficiency of personal assets to satisfy them. The Court of Probate, on the evidence adduced, which was partly by deposition, and partly oral, adjudged the existence of debts, and the insufficiency of personal assets, and ordered a sale of the lands.

It is not intended by the statutes authorizing the Court of Probate to order the sale of lands, at the instance of the personal representative, that the order should be granted as a matter of course, whenever an application is presented, disclosing a case of which the court has jurisdiction. The personal representative is the actor, and the adversary of the heir to whom the land has descended, or of the devisee, if

[Garrett v. Garrett's Adm'r.]

by will it has been devised. Either heir or devisee may contest the application ; and if contested, or in the absence of a contest, the *onus* of establishing the existence of debts chargeable on the land, and the insufficiency of the personal assets, rests upon him. Whatever defense the ancestor, or the testator, could have made if living, and suit had been commenced against him at the time when the application is made, the heir or devisee may make.—*Bond v. Smith*, 2 Ala. 660.

We may pass over the claim for fees due the judge of probate, in the course of the administration, and of this proceeding. These could not be charged on the lands, unless debts against the testatrix are shown, for the payment of which the lands are liable. The controversy is, then, narrowed to the existence and validity of the promissory note purporting to be made by the testatrix, payable to Daniel ; and the controlling point of controversy is, whether this note is executed by the authority of the testatrix At common law, a plaintiff, suing upon a promissory note, was bound to prove its execution by the defendant, or some one acting by his authority. The statute has changed this rule, and when an action at law, or a suit in chancery, is founded on a promissory note, or other written instrument, the burden of proving its execution is not cast on the plaintiff, unless its execution is put in issue by a verified plea. The statute applies, however, only when the written instrument is the foundation of a suit, and is without application when it is proposed to use it collaterally to establish an indebtedness : then, its execution must be proved by the party relying on it.

Daniel proves very positively, in his first deposition, that the note was executed by authority of the testatrix ; that at her request her name was subscribed to it, by her daughter, Ellen Garrett. In his second deposition, he is uncertain whether the name of the testatrix was signed by Ellen, or by William J. Garrett, though his best recollection is, that it was signed by Ellen. On the other hand, Ellen Garrett testifies, that she did not sign the name of the testatrix to the note, and that she never saw it until about a week before her examination. Daniel testifies, the note was signed at the residence of the testatrix, in Hayneville, in his presence. Ellen Garrett, who lived with the testatrix, at the time the note is said to have been signed, testifies that Daniel was not at the residence of the testatrix, at or about the time the note is said to have been signed. William J. Garrett testifies, that the name of the testatrix was signed to the note by himself, at his own house, several miles from her residence, with the understanding that Daniel would take it to her, and, if she sasented to be bound by the signature, that her mark should

[Ex parte Marshall.]

be made and attested. The note was given in renewal and extension of a debt due from William J. to Daniel, on which the testatrix was not liable. The words of promise in it are, *I promise to pay*, and do not indicate that it was intended to be signed by more than one person, though it would doubtless bind all who signed on a sufficient consideration. The expression in the note, of a promise by one person only, is a circumstance having some tendency to corroborate another fact he states, that the note was given and accepted by Daniel as his debt only, without any purpose that it should be signed by any other person. Afterwards, Daniel was importunate for security, and he signed the name of the testatrix. If, as Daniel states, it was the intention at first that surety should be given on the note, the probability is that it would have been written *we*, not *I*, promise to pay. To say the least of it, it is doubtful and uncertain whether the name of the testatrix was signed to the note by her authority, or with her knowledge. When the burden of proving a fact rests upon a party, and the evidence leaves the fact in a state of doubt and uncertainty, it can not be regarded as established.—*Brandon v. Cabaniss*, 10 Ala. 155.

The decree of the Court of Probate is reversed, and a decree here rendered, dismissing the application, at the cost of the appellee.