(13 App. Div. 375.)

ROSSO v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department. January, 1897.)

GUARDIAN AD LITEM—TERMINATION OF AUTHORITY—DISMISSAL OF ACTION.

The dismissal of an action in which a guardian ad litem had been appointed terminates his authority, and therefore he cannot afterwards make an application to permit plaintiff to sue in forma pauperis in another action.

Appeal from special term, New York county.

Action by Michael Rosso, an infant, by Frank Rosso, his guardian ad litem, against the Second Avenue Railroad Company, for personal injuries. From an order allowing plaintiff to sue in forma pauperis, he appeals, and defendant appeals from parts of the order. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Benjamin Patterson, for plaintiff.
Charles C. Nott, Jr., for defendant.

PATTERSON, J. The defendant appeals from so much of an order as denied its motion to vacate an order allowing the plaintiff to sue in forma pauperis, and also from so much of the order as denied its motion to require the plaintiff to furnish security for costs. The plaintiff appeals from the whole of the order, but evidently intended only to bring up for review so much of the order as granted the defendant's motion for a stay of proceedings of this action until certain costs of a prior action between the same parties were paid to the defendant. It is unimportant to consider the plaintiff's appeal, or the question arising on the defendant's appeal, respecting the refusal of the court below to require the plaintiff to furnish security for costs. The application for leave to sue in forma pauperis was made to the court below on the 12th day of October, 1896, and leave to sue was granted on the 13th of October, 1896. The summons and complaint were served on the defendant on the 19th day of November, 1896. The authority to make such an order in a proper case was declared by this court in Feier v. Railroad Co. (decided Nov. 7, 1896) 41 N. Y. Supp. 821, but this case is not one in which the permission asked for should have been granted. There was no person authorized to make the application. The person who made it was not the guardian ad litem of the infant plaintiff, but merely a usurper of the office, who assumed to act under authority conferred by another court in another action, which other action had been dismissed and was at an end. With that dismissal the guardian's authority expired, except as to further proceedings by way of motion for relief, or by appeal in that action. No new appointment was ever made, and the authority of a guardian ad litem does not extend to bringing or prosecuting more than the one particular action in which he was appointed.

The order granting leave to sue as a poor person should therefore have been vacated, and the defendant's appeal must prevail,

and the order be reversed, with costs, and the motion to vacate be granted, with costs, and the appeal of the plaintiff dismissed, with $10 costs. All concur.