HUBBARD, Administrator, Appellant, vs. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Respondent.

*September 7 — October 20, 1899.*

*Estates of decedents: Assets: Negligence causing death: Action for benefit of children: Commencement after final settlement: Administrator de bonis non: Notice: Waiver: Guardian ad litem.*

1. The right of action under secs. 4255, 4256, Stats. 1898 (providing that where the death of a person is caused by the negligence of another the wrongdoer may be held liable in an action brought in the name of the personal representatives of the deceased, and the amount recovered shall "belong and be paid over to his . . . lineal descendants "), constitutes no part of the estate of the deceased, and is not taken away by the failure or refusal of the administrator to commence suit before final settlement.

2. The appointment of an administrator *de bonis non* of an intestate estate without any notice being given as required by sec. 3808, Stats. 1898, and without the appointment of a guardian *ad litem*

for minor heirs, is invalid even though the application for the appointment of such administrator was made by the general guardian of such minors.

3. An order of the county court, made more than sixteen months after the appointment of such administrator, allowing a guardian *ad litem* to file an appearance on behalf of the minors *nunc pro tunc* as of the date of such appointment did not validate the appointment.

4. The functions of a guardian *ad litem* appointed to represent infants in the general administration of an estate in the county court terminate with the final settlement of the estate, unless continued by order of the county court.

APPEAL from a judgment of the circuit court for Manitowoc county: JOHN GOODLAND, Judge. *Affirmed*.

For the appellant there was a brief signed by *G. G. & C. H. Sedgwick*, and oral argument by *A. J. Schmitz* and *G. G. Sedgwick*.

For the respondent there was a brief by *Fish, Cary, Upham & Black*, attorneys, and *Edward M. Hyzer*, of counsel, and oral argument by *John T. Fish*.

CASSODAY, C. J. This action was commenced September 28, 1897, by the service of a summons. The complaint alleges, in effect, that the plaintiff's intestate was killed instantly, by the gross negligence of the defendant, October 3, 1895; that he left five minor children, whose ages ranged from nine to nineteen years, but no widow; and that the plaintiff was appointed such administrator September 28, 1897.

The defendant answered by way of plea in abatement to the effect that the deceased left, him surviving, five minor children, but no widow, as stated; that upon the petition of the brother of the deceased to the county court, filed October 8, 1895, and after due notice thereof, and upon proper hearing thereon, and after the proper appointment of G. G. Sedgwick as guardian *ad litem* of the minor children of the

deceased, C. J. Gilbert was, by an order of the county court, duly appointed administrator of the estate of the deceased, November 5, 1895; that upon the same day he filed his proper bond, and letters of administration were to him duly issued; that thereafter C. J. Gilbert duly administered that estate, and filed his final account of such administration and his petition for its examination and allowance November 25, 1896, and that December 29, 1896, the county court made and filed its findings of fact and conclusions of law, whereby, among other things, such final account was examined and allowed and it was ordered that, upon the filing of certain receipts therein mentioned, said administrator should be finally and forever discharged from his trust and from all liability on account thereof, and that judgment in accordance with such findings and conclusions should be entered; that September 27, 1897, the county court made and filed its order reciting such facts, and entered such order or judgment forever discharging Gilbert as such administrator from such trust and from all liability on account thereof; that September 25, 1897, one Loten, who had been appointed general guardian for such infants August 22, 1896, resigned such guardianship, and Albert L. Hougen was appointed such general guardian in his place, and that such appointment was made without legal notice thereof, and without the necessary petition and consent thereto by or on behalf of such infants; that September 28, 1897, an unverified petition was made and filed by said Hougen, alleging that said estate had not been fully administered and that there still remained uncollected, as an asset of the estate, a claim against the defendant herein, valued at $1,000, for negligently causing such death, and praying for the appointment of *Harvey F. Hubbard* as administrator *de bonis non* of such estate; that upon the same day the county court made its order appointing *Hubbard* to be administrator *de bonis non*, and authorized and directed him to bring this action; that *Hubbard*

thereupon filed his bond, and letters of administration were in form granted to him upon the same day, but that no notice whatever of the time and place of hearing and action upon such petition of Hougen was given, by publication or otherwise, to any of the parties interested therein; that such order was made wholly without jurisdiction or authority; that the plaintiff commenced this action on the same day, without any other or different appointment; that no guardian *ad litem* was ever appointed after such final settlement, September 27, 1897, except that February 19, 1899, the said Sedgwick, who had been duly appointed as the guardian *ad litem* of the minor children November 5, 1895, filed in the county court his verified statement to the effect that September 28, 1897, he appeared before the court as such guardian *ad litem* in behalf of such infants, and asked the court to appoint *Hubbard* as such administrator of the estate, and to enter an order thereon permitting his appearance formally *nunc pro tunc* as of September 28, 1897; that February 20, 1899, the county court ordered that such appearance be, and the same was thereby, directed to be filed in that court *nunc pro tunc* as of September 28, 1897.

The trial court found, in effect, that the facts were as so alleged in the plea in abatement; that no guardian *ad litem* was appointed by the county court upon the hearing of such petition September 28, 1897; that Sedgwick was attorney for the petitioner, and that no appearance was entered for or by any guardian *ad litem* on such hearing; that no notice of any kind was given, by service or publication, or in any other manner, of the hearing of said matter; that September 28, 1897, the plaintiff was appointed as such administrator, without notice. And as conclusions of law the court found, in effect, that such appointment was without authority, and invalid as to the minor children and as to this defendant; that the plaintiff in this action has not the capacity to bring the same as administrator of the estate of

the deceased; that the plea in abatement was sustained; that this action should be dismissed; that the defendant was·entitled to judgment dismissing this action and for its costs and disbursements; that judgment be entered in accordance with such findings and conclusions.

From the judgment so entered the plaintiff appeals.

The complaint alleges that Andrew T. Weblin was instantly killed by the defendant's gross negligence. This being so, the defendant can only be held liable in an action " brought by and in the name of " his " personal representative," " and the amount recovered," if any, will " belong and be paid over to " his "lineal descendants; " that is to say, his children mentioned in the complaint. Stats. 1898, secs. 4255, 4256; *Brown v. C. & N. W. R. Co.* 102 Wis. 137. The right of action, therefore, is purely statutory, and in this case is given solely for the benefit of such children. *Id.* Such right of action so given for the benefit of the children constituted no part of Andrew T. Weblin's estate, and hence the final settlement of that estate September 27, 1897, cannot operate as a bar to their right of action by and in the name of a personal representative appointed in the manner prescribed by statute. Of course, the action might have been brought by C. J. Gilbert, as the administrator of the intestate's estate, but his refusal or failure to bring the action did not take away the right thus given to the children to have such action prosecuted in the name of such personal representative. Our statutes are unlike the statutes of Michigan, and hence the decisions in that state, cited, are not applicable here.

The question recurs whether the appointment of the plaintiff as such administrator *de bonis non* is valid. The statute provides that, " When application shall be made to any county court for the appointment of an administrator on an intestate estate . . . such court shall appoint a time and place for hearing such application, and shall cause no-

tice thereof to be given, by personal service on all persons interested, at least ten days before the day designated, or by publication in a newspaper as provided in section 4045, at least three weeks successively previous to the time appointed; and no general administrator shall be appointed without such notice. Sec. 3808. As indicated, no such notice was given, by publication or otherwise. All parties interested were entitled to such notice and a hearing. At the time the plaintiff was so appointed administrator, at least four, if not all five, of such children were under age. They did not and could not waive their right to such notice and hearing, and no one at the time had authority to represent them or waive such right to notice and hearing for them. No guardian *ad litem* was appointed to represent such children in this action. Such an appointment was essential in order to bind the infant heirs. *O'Dell v. Rogers,* 44 Wis. 136. True, the application for the appointment of the plaintiff was made by their general guardian, appointed on the resignation of their former general guardian. Sec. 3969, Stats. 1898. But he could not, as to such children or the defendant, waive the notice required by the section of the statute quoted. Sec. 3808. True, a guardian *ad litem* was appointed November 5, 1895, to represent the infants in the general administration of the estate; but his functions as such guardian *ad litem* terminated with the final settlement of that estate September 27, 1897. Sec. 4052*a*, Stats. 1898; County Court Rule III. His appointment might have been continued by order of the county court, but was not. *Id.* Had he been so continued by order, and appeared in the county court at the time of the plaintiff's appointment as administrator, then the county judge was required to make an entry in his minutes of such appearance, and proceed no further without such appearance being so entered. Sec. 4052*a*, Stats. 1898. But there was no such appearance, and, of course, no such entry. The order of the county

Kerrigan vs. Chicago, Milwaukee & St. Paul R. Co.

court made February 20, 1899,— more than sixteen months after the commencement of this action,— allowing Sedgwick, as such guardian *ad litem*, to appear *nunc pro tunc* as of September 28, 1897, when the plaintiff was so appointed administrator, is without significance. Certainly it did not cure the want of notice required by sec. 3808, Stats. 1898. Nor could it operate to give vitality to this action, which had been commenced sixteen months before without authority.

*By the Court.*— The judgment of the circuit court is affirmed.