GOODFRIEND v. ROBINS.

(Supreme Court, Appellate Term. February 23, 1905.)

1. INFANTS—GUARDIAN AD LITEM—APPOINTMENT—JURISDICTION—STATUTE.

The appointment of a guardian ad litem by the Supreme Court for an infant plaintiff in an action brought in the New York City Court is void under Code Civ. Proc. § 472, providing that the court in which the action is brought, or the judge thereof, may appoint a guardian ad litem for an infant plaintiff or defendant.

2. SAME—FAILURE TO APPOINT—EFFECT.

Under Code Civ. Proc. § 468, providing that where an infant has a right of action he may sue thereon, and that it shall not be deferred on account of his infancy, and section 469, providing that before summons is issued in the name of an infant plaintiff a responsible person must be appointed guardian ad litem, who shall be responsible for the costs, the failure to appoint such a guardian for an infant plaintiff merely affects the regularity of the procedure, and not the jurisdiction of the court.

Appeal from City Court of New York, Trial Term.

Action by Rose Goodfriend, an infant, by one as guardian ad litem, against H. Fannie Robins. From a judgment for plaintiff overruling demurrer to complaint, defendant appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Theall & Beam, for appellant.

Max Stern, for respondent.

PER CURIAM. We are clearly of the opinion that a guardian ad litem of an infant party must be appointed by the court in which

the action has been or is to be brought, and with reference to the particular litigation.   Code Civ. Proc. § 472; Rosso v. Second Ave. R. R. Co., 13 App. Div. 375, 43 N. Y. Supp. 216.   The complaint here alleges that the guardian was appointed in the Supreme Court. Such an appointment, so far as concerns this action, is a nullity, and the person who assumes to act as guardian is a mere usurper. Rosso v. Second Ave. R. R. Co., supra.   The complaint then stands as if there were no allegation of the appointment of a guardian ad litem, and the infant was prosecuting the action without a guardian. This, however, does not justify a demurrer on the ground that the plaintiff has not legal capacity to sue.   By express provision of the Code, an infant who has a cause of action is entitled to maintain an action, and it must be prosecuted in his name.   It is true that before issuing a summons and commencing the action he should have a guardian appointed, but the action will still be that of an infant. The effect of the Code provisions (sections 468, 469) is that while an infant has capacity to sue, he must, before commencing his suit, have a guardian appointed, who will answer for costs, and properly represent the infant, who, by reason of his infancy, is deemed to be incapable of taking care of himself.   It has been conclusively determined that the failure to appoint a guardian ad litem for an infant plaintiff merely affects the regularity of the procedure, and not the jurisdiction of the court (Rima v. R. I. Works, 120 N. Y. 433, 24 N. E. 940), and cases are frequent in which such guardians have been appointed nunc pro tunc.

The judgment must be affirmed, with costs, with leave to defendant to withdraw demurrer, and answer over within 60 days upon payment of costs in this court and the court below.