[de Graffenried v. Brietling.]

# de Graffenried *v.* Breitling.

### *Petition to Fix Compensation.*

(Decided April 22, 1915. 68 South. 265.)

1. *Banks and Banking; Insolvency; Presentation of Claims; Laches.*
—Laches does not, like limitations, grow out of the mere passage of time, but is founded upon the inequity of permitting a claim to be enforced, which, in equity, is founded upon some change in the condition or relation of the property or the party; hence, the claim filed by the assignee for his compensation was not barred by laches, where the assignee of a bank accepted the trust for the benefit of creditors, and on his petition the court took jurisdiction thereof, and before making and filing the inventory as required by section 6058, Code 1907, such assignee perfected a reorganization plan which the court approved, but retained the cause in order to fix compensation for the assignee after his reconveyance to the bank, notwithstanding that thereafter another receiver for the bank obtained an order requiring creditors to file their claims by a certain day, or be forever barred, and the assignee filed his claim, but thereafter and before settlement of a receivership his petition for a reference to fix his compensation was denied, no person having been injured by the delay.

2. *Lis Pendens; Notice; Effect.*—In such a case, the lis pendens gave all parties at interest immediate and subsequent notice of the claim of the assignee, and of his right to have compensation ascertained by a proper reference, and neither the existing nor subsequent creditors, nor the receiver of the bank later appointed acquired a superior right thereto.

3. *Appeal and Error; Decisions Appealable; Final Decree.*—The denial of the assignee's petition for ascertainment of his compensation by reference was a final decree and appealable; the test of the finality of the decree to support an appeal being, not whether the cause remained in the chancery court in fieri awaiting further proceedings to entitle the parties to their acquired right, but whether such decree ascertains and declares such rights embracing the substantial merits of the controversy, and the material issues of fact and law litigated or necessarily involved.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Petition by Edward de Graffenried as assignee of the City Bank & Trust Company, for a reference to fix his compensation as assignee. From an order denying a reference, because of a failure to file claim thereto with-

[de Graffenried v. Brietling.]

in the time required by an order of a subsequent receiver to file claim, petitioner appeals. Reversed and remanded.

EVANS & JACK, for appellant.

S. G. WOOLF, for appellee.

THOMAS, J.—The facts of this case are: That on the 9th day of May, 1910, the City Bank & Trust Company, a corporation, being financially embarrassed, made an assignment to Edward de Graffenried, for the benefit of its creditors, of all its properties. The assignee accepted the trust, filed a petition in the Marengo law and equity court, invoking the jurisdiction of that court over said trust estate and his trusteeship thereof, and alleged that he was then engaged in making a full and complete inventory of the entire trust properties, as provided by section 6058 of the Code of 1907, and, when the same was completed would make due return thereof to the court, as required by the statutes and the orders of the court. The court thereupon took jurisdiction of said trust estate, and Edward de Graffenried became an officer of the court in administering the trust estate for the benefit of the creditors. That before said inventory was completed and filed, the assignee, Edward de Graffenried, arranged for and effected a settlement with the creditors of the bank, procuring their consent for a reorganization of the bank, which was thought to be for the benefit of the creditors and of the stockholders of said City Bank & Trust Company. That thereafter Edward de Graffenried reported this reorganization agreement to the Marengo law and equity court; and said court, sitting in equity, made and entered a decree in said cause, reciting the reorganiza-

tion of the City Bank & Trust Company, with full protection of the interests of its creditors and relief of its stockholders from liability to heavy loss, and ordering that Edward de Graffenried, as such assignee, reconvey to the City Bank & Trust Company all of its properties in such capacity held by him, and that said cause was expressly retained on the equity docket of said court for the purposes stated in the decree, as follows, to wit: "And it appearing further to the court that said City Bank & Trust Company consents to this decree, and it further appearing that no compensation or commission had been received by said Edward de Graffenried for his services as assignee of said City Bank & Trust Company, nor any allowance for counsel fees, to both of which he is entitled, and by agreement with the board of directors of the City Bank & Trust Company this matter is to be adjusted later, it is therefore, ordered, adjudged, and decreed that this cause shall remain on the docket of this court in order that the court may, at a future date, if it becomes necessary, fix such reasonable compensation as the said Edward de Graffenried is entitled to for acting as assignee for said City Bany & Trust Company, and also such reasonable compensation as should be allowed said Edward de Graffenried for his counsel fees while acting as such assignee of said City Bank & Trust Company."

This decree was entered on July 9, 1910. Pursuant to this decree, the conveyance thus ordered was duly executed by Edward de Graffenried, as assignee and trustee, transferring all the properties so held by him in trust from the bank, to the City Bank & Trust Company, and thereupon the bank resumed business. Later G. T. Breitling was appointed receiver of said bank by the Marengo law and equity court, and he, as such receiver, filed his petition, praying that a day be fixed,

after due notice given, for filing claims against 'the trust estate; and Edward de Graffenried failed to file his claim for commissions before the register of the court, as directed and required of creditors by this order.

The record shows that on July 9, 1910, the Marengo law and equity court entered the decree ordering said assignee to reconvey the trust properties to the bank, and allowing reasonable compensation to Edward de Graffenried, and continuing the cause on the docket for the ascertainment of the amount; that on November 15, 1911, de Graffenried filed his petition in said cause asking that his compensation be ascertained by reference, and that decree thereon, denying the petition, was rendered on February 26, 1914, and that an appeal therefrom was taken to this court on February 26, 1914; that the cases of Edward de Graffenried, as assignee, and G. T. Breitling, as receiver, were pending on the equity docket of the court when the decree requiring claims to be filed with the register within the time required or be forever barred was entered.

(1, 2) It cannot be said that the failure of Edward de Graffenried to present his claim for such allowance, to the register, as required by the order on the petition of G. T. Breitling, was such laches, as that the claim is barred. The property was reconveyed by Edward de Graffenried, as assignee, to the bank, under agreement as to his right to compensation, recognized by the bank and by the court. Neither the creditors, existing or subsequent, nor G. T. Breitling, as trustee, acquired a superior right thereto. The lis pendens gave all parties at interest immediate and subsequent notice of Edward de Graffenried's claim and right to have this commission ascertained by a proper reference. He filed

his petition therefor before the final settlement of the receivership of G. T. Breitling, and no injury is shown by the delay to creditor or former stockholder.

In *Hauser v. Foley Co.,* 190 Ala. 437, 67 South. 252, Mr. Justice SOMERVILLE quotes approvingly that: "Laches * * * does not, like limitations, grow out of the mere passage of time, but it is founded upon the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relation of the property or the parties."—*Galliher v. Cadwell,* 145 U. S. 368, 12 Sup. Ct. 873, 36 L. Ed. 738; *First Nat. Bank v. Nelson,* 106 Ala. 535, 18 South. 154; *Chase v. Chase,* 20 R. I. 202, 37 Atl. 804; 5 Pom. Eq. Jur. § 21; *Rives v. Morris,* 108 Ala. 527, 18 South. 743.

It was held in *Grier v. Campbell,* 21 Ala. 327, and in *Raisin Co. v. McKenna,* 114 Ala. 274, 21 South. 816, each involving bill filed to vacate a judgment rendered without notice to the defendants, that the lapse of two years and eight months in the former, and three years in the latter, worked no bar to the relief sought.

The case before us for decision has at all times been retained on the equity docket of the court in which the insolvent estate of the City Bank & Trust Company was being administered, for the express purpose of fixing the compensation of Edward de Graffenried, the former assignee and trustee. The inventory was not filed because the court ascertained, on the assignee's petition, that it was to the interest of creditors and stockholders that the bank be reorganized, and its properties reconveyed to it, all of which was done pursuant to the decree of the court having jurisdiction of the trust estate. It will not now be said that the compensation cannot be ascertained by a reference, and ordered paid by the court out of the funds being administered under its order and decree, simply because of the failure to file

[de Graffenried v. Brietling.]

the inventory required by section 6058 of the Code of 1907, or because of the delay or continuance of the cause on the equity docket of the Marengo law and equity court from the 9th day of July, 1910, the date of the decree ordering the reconveyance of the properties to the bank, to the 26th day of February, 1914, the date of the decree disallowing Edward de Graffenried's claim to compensation or commission as assignee.

(3) Was this decree of disallowance a final decree from which an appeal may be taken under the statute to this court?

In *Ex parte Elyton Land Co.*, 104 Ala. 88, 15 South. 939, Chief Justice Brickell said: "The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings, necessary to entitle the parties to the full measure of the rights it has been declared they have, but whether the decree, which has been rendered, ascertains and declares these rights; if these are ascertained and adjudged, the decree is final and will support an appeal."

In *Alexander v. Bates*, 127 Ala. 328, 342, 28 South. 415, 419, this court declared: "The finality of a decree is not determined by the stage of the suit at the time it is rendered, but upon whether it concludes a party in imposing on him a liability or in depriving him of a right."

In *Stein v. McGrath*, 128 Ala. 175, 30 South. 792, it is said: "It makes no difference that the decree was rendered on a demurrer to the bill. * * * It was tantamount to a decree on the merits upon a final submission."

In *Bernstein v. Walker*, 90 Ala. 477, 7 South. 821, where the decision involved a decree upon a petition to be allowed to file a replication to a plea after an at-

tempted demurrer to it had been sustained, Chief Justice Stone declared that a decree settling the equity raised by the pleadings and adjudging the rights of the parties, on a submission for decree on the merits, is certainly a final decree. That "it makes no difference that the ruling was on demurrer." The decree not only settled every equitable question raised, but made disposition of the entire costs of the suit.

The rule is best stated in *Adams v. Sayre*, 76 Ala. 509, as: "No general rule can probably be stated, which would define accurately, for all possible emergencies, what constitutes the equities of every case. These equities embrace the substantial merits of the controversy —the material issues of fact and law litigated or necessarily involved in the cause, which determined the legal rights of the parties, and the principles by which such rights are to be worked out."

This definition of a final decree is but the application of common sense and common justice between the parties at interest on the subject-matter.—*Gainer et al. v. Jones*, 176 Ala. 408, 58 South. 288; *Dickens v. Dickens*, 174 Ala. 345, 56 South. 809; *Winn, Adm'r v. Bank*, 168 Ala. 469, 53 South. 228. Tested by this rule, the property was reconveyed to the bank by Edwad de Graffenried, as assignee, pursuant to a decree of the court. His right to compensation, as provided in the decree, was admitted by agreement and declared in the same decree, but the amount due was reserved for future ascertainment, such right being later denied in the same cause by the same court; and he now appeals to this court for review.

For the error of the lower court in declining to order a reference to ascertain what reasonable compensation should be allowed Edward de Graffenried, as assignee,

[Moore, et al. v. Altom.]

and what counsel fees, the decree is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.