(79 South. 242)

FIRST NAT. BANK OF MOBILE v. WATTERS. (1 Div. 999.)

(Supreme Court of Alabama. June 27, 1918.)

1. EVIDENCE ⬦➡44—JUDICIAL NOTICE—APPOINTMENT OF GENERAL GUARDIAN AD LITEM.

The Supreme Court takes judicial notice that the Governor appointed a general guardian ad litem for Mobile county after the approval of Gen. Acts 1915, p. 261.

2. COSTS ⬦➡32(1) — RIGHT OF SUCCESSFUL PARTY—STATUTE.

Under Code 1907, § 3662, the successful party in a civil case is entitled to full costs, unless otherwise directed by law.

3. COSTS ⬦➡56—EQUITY—STATUTE.

In equity the costs rest largely in the discretion of the court, under Code 1907, § 3222.

4. EXECUTORS AND ADMINISTRATORS ⬦➡109(1)—ALLOWANCE OF COSTS AND EXPENSES—STATUTES.

Under Code 1907, § 2597, in the administration of the estates of deceased persons, reimbursement out of the general estate for reasonable costs and expenses, incurred in good faith, is allowed.

5. EXECUTORS AND ADMINISTRATORS ⬦➡111(1)—REIMBURSEMENT FOR COSTS AND EXPENSES—GOOD FAITH.

In Alabama the right of reimbursement to personal representatives for costs and expenses of litigation or legal procedure, notwithstanding its failure or success, depends on good faith in prosecuting or defending, and on the reasonable necessity for the expenditure.

6. TRUSTS ⬦➡227—RIGHT OF TRUSTEE TO COSTS AND EXPENSES—GOOD FAITH.

In Alabama the right of reimbursement to trustees for costs and expenses of litigation or legal procedure, notwithstanding its failure or success, depends on good faith in prosecuting or defending, and on the reasonable necessity for the expenditure in the execution of the trust.

7. INFANTS ⬦➡83—GENERAL GUARDIAN AD LITEM—FEES—STATUTES.

The amount and manner of collection of the fees allowed to the general guardian ad litem of a county, appointed by the Governor pursuant to Gen. Acts 1915, p. 261, is unequivocally fixed by the statute.

8. STATUTES ⬦➡218 — CONTEMPORANEOUS CONSTRUCTION.

The statute regulating the amount and manner of collection of the fees allowed the general guardian ad litem of a county, being unambiguous, will be given its proper construction, though judges of probate, chancellors administering estates, and parties litigant have construed the statute, which is unambiguous, otherwise.

9. INFANTS ⬦➡83—GENERAL GUARDIAN AD LITEM—ALLOWANCE ON PARTIAL SETTLEMENT BY ADMINISTRATOR — STATUTE — "CASE."

Allowance to general guardian ad litem of county, acting for minor on partial settlement of administrator's accounts, of practically maximum fee fixed by Gen. Acts 1915, p. 261, for general guardian ad litem, was improper as contrary to purpose of statute, "case," as used, embracing all proceedings of a case in court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Case.]

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Proceedings for the settlement of the accounts of the First National Bank of Mobile, as administrator, etc., opposed by Ethel H. Watters. From decree sustaining exceptions to the part of the register's report making allowance to the guardian ad litem of a minor legatee, the administrator appeals. Reversed, and cause remanded.

Harry T. Smith & Caffey, of Mobile, for appellant. Stevens, McCorvey & McLeod, of Mobile, for appellee.

THOMAS, J. The appeal is taken from a decree sustaining exceptions to the register's report.

By the last will of Julian A. Watters, deceased, the City Bank & Trust Company was nominated executor, and duly qualified as such in the probate court. The estate was removed to the chancery court on petition of the widow of the deceased. The said bank was reorganized as, or changed its name to, the National City Bank, and tendered its resig-

---

nation as executor and trustee; and thereupon a reference was ordered on settlement of its said administration.

The chancellor appointed in said "case," as guardian ad litem for the minor legatees under this will, the general guardian ad litem of Mobile county. The consent was to act "as guardian ad litem of the minor legatee, Julian A. Watters, Jr., on the proceedings for final settlement in the above cause"—"In the Matter of the Estate (No. 11147) of Julian A. Watters, Deceased."

The register reported:

That the National City Bank, as executor and trustee, is "entitled to a commission of 2½ per cent. on $9,413.14, which is the amount of receipts from the income of said estate since the last settlement and 2½ per cent. upon $10,224.-39, the amount of disbursements, since the last settlement, making a total commission of $476.-38. * * * As to the fees of the guardian ad litem register reports that the said fees are now fixed by the statute which provides that he shall receive 1 per cent. of the total amount for interest of the minor who is represented by said guardian ad litem involved in the case, but that the maximum fee in the case shall not be more than $100, so that the said guardian ad litem will be entitled to $100 for his entire fees in this case, but that said fees are not available as a part of this particular settlement, which is only one step in the cause."

From the decree sustaining exceptions to that part of the register's report making allowance to the guardian ad litem, the appeal is taken. It (such part) was:

"And it further appearing to the court that the calculation of the fees due to the said guardian ad litem can readily be determined from the file and proceedings in said cause by the court without the aid of a further reference, and that the said guardian ad litem is entitled for his services on the final settlement by the National City Bank to the amount claimed by him, viz., $94.13, it is therefore ordered, adjudged, and decreed by the court that the fee of the said guardian ad litem, V. B. McAleer, for services rendered to the minor legatee, Julian A. Watters, on the final settlement by the National City Bank, as trustee and executor, be, and the same hereby is, fixed at $94.13, and that the said amount be forthwith paid over to the said guardian ad litem by the First National Bank of Mobile, the successor trustee."

The act creating the office of general guardian ad litem for Mobile county contains this provision:

"That the fees of said general guardian ad litem shall be one per centum of the total amount or interest of the minor or minors, who are represented by said general guardian ad litem, involved in the case in which the general guardian ad litem acts: Provided that the minimum fee shall in no case be less than five dollars, and the maximum fee shall in no case be more than one hundred dollars, and that fees of such officer be collected as other costs in the case." Gen. Acts 1915, p. 261, § 3.

Section 5 of the act provides:

"That the office of guardian ad litem shall be filled by appointment by the Governor and that his term of office shall be for four years and until his successor qualifies."

[1] The court takes judicial knowledge that the Governor appointed a general guardian ad litem for Mobile county after the approval of the act, and that it was Mr. Vincent B. McAleer, and that his term of office had not expired at the time of the appointment, by the chancellor, of said Mr. Vincent B. McAleer as guardian ad litem for the infant, Julian A. Watters, Jr. The order of his appointment recites:

"This proceeding is submitted on the petition of the executor and trustee for the appointment of a guardian ad litem to represent the minor legatee, Julian A. Watters, on the final settlement, and V. B. McAleer, the duly appointed guardian ad litem for the county under the act of the Legislature approved July 27, 1915, having filed his written consent so to act. It is ordered that he be, and hereby is, appointed guardian ad litem of said minor, to represent him on said final settlement."

Appellee's insistence is that appellant petitioned the court to appoint a guardian ad litem to represent the minor legatee, Julian A. Watters, on the final settlement by the National City Bank, and that the settlement was final within the meaning of the statute providing a general guardian ad litem, as affecting his compensation for the service rendered.

The duties of the general guardian ad litem, as defined by the act, are:

"That it shall be the duty of the general guardian ad litem, in all cases where infants are made defendants to complaints, bills, petitions or other proceedings in any court of law or equity in said county to represent and defend such infant or infants; and to represent all minors interested in suits in any of the courts of law or equity where said minor is not represented by a general guardian or where the general guardian is adversely interested or disqualified." Section 2.

"That in any case in law or equity where more than one minor is interested in the cause in controversy and where the interests of said minors are antagonistic and conflicting, or in any case in which the general guardian ad litem is disqualified, it shall be the duty of the court before whom such case is pending, to appoint a suitable person or persons to represent the interests of such minor or minors: Provided, however, that the general guardian ad litem shall represent the interests of one of such minors where their interests are antagonistic or conflicting, the interest of the minor which he represents to be selected by the court before whom such cause is pending." Gen. Acts 1915, § 6, p. 262.

It will be observed that by the requirements of section 6 the general guardian ad litem, unless disqualified, must represent the interest of the minors whose interests are not antagonistic, and that only in the event of his disqualification, or of antagonism in interest, may other guardians ad litem be appointed to represent such interests of minors.

The purpose of the act was to secure for the minor's interest a representation efficient, honest, and inexpensive at all stages of the proceedings in the "case"; that is to say, a representation of the minor's interest by one familiar with the questions at issue and with such proceedings, and who is disinterested, being sufficiently compensated for the service discharged.

What then is the meaning of the word "case," as employed in the act? It finds ex-

pression, in the context, "involved in the case in which the general guardian ad litem acts," and is further indicated in the provision that the fees "shall in no case be less than five dollars, and the maximum fee shall in no case be more than one hundred dollars, and that fees of such officer be collected as other costs in the case." The general meaning of the word "case" has been held to embrace the several stages or steps of a proceeding or cause in a court, from the filing of the petition, declaration, complaint, or bill, or the impaneling of a grand jury and the finding of an indictment, etc., in criminal causes, to the entry of judgment and its satisfaction or the execution of the sentence. Comstock Mill & Min. Co. v. Allen, 21 Nev. 325, 31 Pac. 434; Cook v. State, 7 Blackf. (Ind.) 165; 1 Words and Phrases (subtitle "All Proceedings in Action Included") p. 988; volume 1 (2d, Ser.) Words and Phrases, pp. 580, 582, et seq.

In Davis v. Gist, Dud. Eq. (S. C.) 1, it was held that the authority of a guardian ad litem terminated with the judgment or decree. Hubbard v. Chicago, etc., Co., 104 Wis. 160, 80 N. W. 454, 76 Am. St. Rep. 855, holding that the functions of a guardian ad litem appointed to represent infants in the general administration of an estate terminates with the final settlement of the estate unless continued by the order of the court; Dix v. Jarman, 1 Chan. Chamb. (U. C.) 38, holding that the guardian ad litem has no authority, after the object of the suit has been accomplished, to act for the infant in investigating any funds for the infant the proceeds of the suit; Rosso v. Second Ave. R. Co., 13 App. Div. 375, 43 N. Y. Supp. 216, holding that the dismissal of an action in which a guardian ad litem has been appointed terminates his authority, and that he cannot afterwards apply for permission to sue in forma pauperis in another action.

In Carpenter v. Superior Court, 75 Cal. 596, 19 Pac. 174, the holding was that it is not necessary that there shall be a new guardian ad litem every time a pleading is amended, and that the authority of the guardian ad litem is not ended by an appeal to the higher court, was the holding in Covell v. Porter, 81 Minn. 302, 84 N. W. 107; 22 Cyc. 669, note 65.

The subject-matter of the "case" in which the instant guardian ad litem was appointed for the infant was the administration of the estate of the decedent. An inspection of the decree in question will show its finality (De Graffenried v. Breitling, 192 Ala. 254, 68 South. 265) was only in the limited sense that after payment of the decree rendered against the National City Bank to the First National Bank, its successor in trust (Evans v. Evans, 76 South. 95 [1]), the former bank was acquitted or discharged as such executor and trustee from further liability. It was no final decree on the administration of the decedent's estate in the sense of the ascertainment of the infant's distributive share therein.

[2-4] The amount of compensation that may be allowed the general guardian ad litem is clearly stated in section 3 of the act, "One per centum of the total amount or interest of the minor or minors who are represented by said general guardian ad litem, involved in the case in which the general guardian ad litem acts," subject to the further limitations that in any one case his minimum fees shall not be less than $5, and his maximum fees shall not be more than $100, to be "collected as other costs in the case." Gen. Acts 1915, p. 261. It may be said in passing, as to the costs that may be collected in a civil case, that the successful party is entitled to full cost, unless otherwise directed by law (Code 1907, § 3662; Jones v. Bell, 77 South. 998;[2] Schillinger v. Leary, 77 South. 846 [3]); that in courts of equity the costs rest largely in the discretion of the court (Code, § 3222; Manning v. Carter, 77 South. 744 [4]); and that in the administration of the estates of deceased persons reimbursement out of the general estate for reasonable costs and expenses in good faith incurred is allowed (Code, § 2597; Patapsco Guano Co. v. Ballard, 107 Ala. 710, 720, 19 South. 777, 54 Am. St. Rep. 131; Beadle v. Steele, 86 Ala. 413, 421, 5 South. 169; Sermon v. Black, 79 Ala. 507; Garrett v. Garrett, 64 Ala. 263; Taylor v. Crook, 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; Bolen v. Hoven, 143 Ala. 652, 39 South. 379; Jones, Adm'r, v. Deyer & Wife, 16 Ala. 221, 228; Pinckard v. Pinckard, 24 Ala. 250, 259; McGowan v. Milner, 195 Ala. 44, 70 South. 175).

[5, 6] In this state the right of reimbursement to personal representatives or trustees for costs and expenses of the litigation or legal procedure, notwithstanding its failure or success, depends, not upon the favorable issue of the proceeding, but upon the good faith in prosecuting or defending (Moore v. Randolph, 70 Ala. 575, 586; Noble v. Jackson, 124 Ala. 311, 317, 26 South. 955; Holman v. Sims, 39 Ala. 709; Smith v. Kennard, 38 Ala. 695; Taylor v. Kilgore, 33 Ala. 214; Polhemus v. Middleton, 37 N. J. Eq. 240; Anderson v. Piercy, 20 W. Va. 282; 2 Woerner's American Law of Ad'm [2d Ed.] §§ 516, 517, 1149, 1150); upon the reasonable necessity for the expenditure in the discharge of the duties of administration or execution of the trust. McGowan v. Milner, supra.

[7, 8] The amount and manner of the collection of the fees allowed to the general guardian ad litem is unequivocally fixed by the statute of 1915. The construction placed on the statute by judges of probate or chancellors administering estates removed to chancery from courts of probate, nor that placed thereon by parties litigant, will not now prevent a right construction of that statute according to the manifest intent of

---

[1] 200 Ala. 329.                    [2] Ante, p. 336.        [3] Ante, p. 256.        [4] Ante, p. 218.

the Legislature; for the rule of contemporaneous construction by courts and officials, given application in State v. Board of School Com'rs of Mobile Co., 183 Ala. 554, 574, 575, 63 South. 76, in Ex parte Stollenwerck, 78 South. 454,[5] and in Stuart v. Laird, 1 Cranch, 299, 2 L. Ed. 115,· has no application to this recent statute, the meaning of which is unambiguous.

[9] The allowance on the partial settlement in question of practically the maximum fee fixed by statute for the general guardian ad litem is contrary to the plain purpose of the statute—that at every period of the administration an inexpensive, intelligent, and honest representation of the best interests of the minor shall be afforded.

The decree of the lower court is reversed, and the case is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.