**INDEMNITY INS. CO. OF NORTH AMER-ICA v. TURNIPSEED.　(3 Div. 765.)**

(Supreme Court of Alabama.　Nov. 4, 1926.)

**Appeal and error** ☜71(2)—**Judgment in garnishment proceedings, granting oral examination of garnishee and setting date for final hearing on facts, held not appealable; "final judgment."**

Judgment in garnishment proceedings, denying motion to discharge garnishee, granting motion for his oral examination, and setting date for final hearing of facts, *held* not "final judgment" which will support an appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Garnishment suit by Zora Turnipseed against W. E. Langford, with the Indemnity Insurance Company of North America as garnishee. From a judgment denying motion of garnishee for discharge, granting motion for oral examination of garnishee, and setting final hearing on facts, the garnishee appeals. Appeal dismissed.

Ball & Ball, of Montgomery, for appellant.

The refusal of the trial court to grant a discharge of the garnishee was a final determination of the garnishee's right to a discharge, and was hence such a final order or judgment as will support an appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; Alexander v. Bates, 127 Ala. 328, 28 So. 415; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Herstein v. Walker, 90 Ala. 477, 7 So. 821; Freeman v. Blount, 172 Ala. 655, 55 So. 293; Gerald v. Walker, 201 Ala. 502, 78 So. 856.

Hill, Hill, Whiting, Thomas & · Rives, of Montgomery, for appellee.

Under the present judgment, the rights of none of the parties have been finally adjudicated; it is not a judgment from which an appeal will lie. Lathrop Lumber ·Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 So. 427; Johnson v. Westinghouse, etc., Co., 209 Ala. 672, 96 So. 884.

THOMAS, J. The submission was on motion to dismiss the appeal and upon the merits.

Was the judgment final, as supporting an appeal? It denied the motion of the garnishee to be discharged, granted the motion of the plaintiff for an oral examination of the garnishee, and set a date for such final hearing of the facts. This was not such a final judgment as will support an appeal. It affirmatively appears that the cause is pending in the circuit court as to liability vel non of the defendant in garnishment. The motion is granted, and the appeal is dismissed. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Burgin v. Suggs, 210 Ala. 142, 97 So. 216; Bell v. King, 210 Ala. 551, 98 So. 794; Clifford v. Montgomery, 202 Ala. 609, 81 So. 551; First National Bank v. Watters, 201 Ala. 670, 79 So. 242; Plunkett v. Dendy, 197 Ala. 262, 72 So. 525; Lathrop Lumber Company v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427; ·Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939. The case of Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884, is analogous. This is a different case than that which would have been presented, had the trial court granted the garnishee motion for a discharge and so ordered. Gerald v. Walker, 201 Ala. 502, 78 So. 856; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

The appeal is dismissed on motion.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.