Defendant — Indigent — Attorney's Fees A court appointed attorney for an indigent defendant shall not be paid a sum to exceed $250.00 in any one case. When the case is concluded, by final trial court judgment or other disposition, the attorney's fee should be set by the Court. Should the Court, for any reason, find it necessary to appoint more than one attorney to represent an indigent an indigent defendant in any one case, the total fee allowed cannot exceed $250.00, and such fee should not be paid until final trial court judgment or other final disposition of the case; however, the Court may, in its discretion prorate the maximum fee of $250.00 between the attorneys in accordance with the amount of services rendered by each. The Attorney General has considered your request for our official opinion wherein you in effect relate: Counsel was appointed for an indigent defendant charged with kidnapping. The case proceeded to trial and resulted in a mistrial because the jury was unable to agree. The case will be retried at the next jury term. You in effect ask: 1. May court appointed counsel be paid the maximum fee allowed by law, $250.00, for his services rendered at a trial of the case involving an indigent defendant which resulted in a mistrial? 2. Will court appointed counsel under circumstances set out in the facts above be required to represent the defendant when his case is tried again and be paid only $250.00 for his services at all trials of the case to judgment or other disposition? Title 22 O.S. 1271 [22-1271] (1969), provides in relevant part: "In all criminal cases triable in the State of Oklahoma, where it is satisfactorily shown to the court that the defendant has no means and is unable to employ counsel, the court shall, in all such cases where counsel is appointed and assigned for defense, allow and direct to be paid by the county in which such trial is had, out of the court fund of said county, a reasonable and just compensation to the attorney or attorneys so assigned for such services as they may render, such compensation being allowable in any court of record. Provided, however, that such attorney shall not be paid a sum to exceed Two Hundred Fifty Dollars ($250.00) in any one case, the specific amount to be left to the discretion of the presiding judge . . . ." (Emphasis added) Title 22 O.S. 896 [22-896] and 22 O.S. 897 [22-897], in substance provides for the discharge of the jury when it appears to the court there is no reasonable probability that the jury can agree and that the case may be tried again at the me or another term. It is customary in Oklahoma for a trial judge to declare a "mistrial'? in a criminal case when the jury cannot agree on a verdict. A "mistrial" is equivalent to no trial and the term aptly applies to a case in which a jury is discharged without a verdict State ex rel Sullivan v. Patterson, 64 Ariz. 40, 165 P.2d 300. In the case of First National Bank of Mobile v. Watters, 201 Ala. 67079 So. 242, the court said in the ninth paragraph of the syllabus: "Allowance to the general guardian ad litem . . . acting for minor on — partial settlement of administrator's accounts of practically maximum fee fixed by statute . . . was improper as contrary to purpose of statute, 'case', as used, embracing all proceedings of a case in court." 'and in the body of the opinion the Court said: 'The general meaning of the word 'case' has been held to embrace the several stages or steps of a proceeding or cause in a court, from the filing of the petition, declaration, complaint. or bill . . . the finding of an indictment etc., in criminal causes to the entry of judgment. . . ." The emphasized portion of Section 1271, supra, being a proviso, limits and explains the remainder of the section which immediately precedes it. In the case of Welch v. Key, Okl., 365 P.2d 154, the Court said: "The true office of a proviso is to restrict or make clear that which has gone before." See also, to the same effect, Jumper v. Lyles, 77 Okl. 57, 185 P. 1084; in Re Frary's Estate, 186 Okl . 126, 96 P.2d 526. It is therefore the opinion of the Attorney General that your first question be answered in the negative. Section 1271, supra, clearly provides a court-appointed attorney for an indigent defendant shall not be paid a sum to exceed $250.00 in any one case. A mistrial is equivalent to no trial. The first trial was but one stage step in the disposition of the case. When the case is concluded, by final trial court judgment or other disposition, the attorney's fee should be set by the court not to exceed the maximum allowed by Section 1271, supra, $250.00 in any one case. Should the Court, for any reason, find it necessary to appoint more than one attorney to represent an indigent defendant in any one case, the total fee allowed cannot exceed $250.00, and such fee should not be paid until final trial court judgment or other final disposition of the case; however, the Court may, in its discretion, prorate the maximum fee of $250.00 between the attorneys in accordance with the amount of services rendered by each. Your second question should be answered in the affirmative. Court-appointed counsel must represent the defendant in all trials and proceedings in his case to final trial court judgment or other final disposition to be entitled to the entire maximum fee of $250.00 allowed by law, otherwise the Court. in its discretion could only allow court-appointed counsel a proportional part of such maximum fee according to the services rendered, and that only when the case has reached final trial court judgment or other final disposition. (W. J. Monroe) ** SEE: OPINION NO. 69-359 (1969) ** ** SEE: OPINION NO. 89-079 (1990) **